227 So.2d 324 (1969)
Pedro RIVERA NUNEZ, Appellant,
v.
STATE of Florida, Appellee.
No. 2501.
District Court of Appeal of Florida. Fourth District.
October 29, 1969.
Leonard L. Stafford, Public Defender, and Barry G. Roderman, Asst. Public Defender, Fort Lauderdale, for appellant.
Earl Faircloth, Atty. Gen., Tallahassee, and J. Terrell Williams, Asst. Atty. Gen., West Palm Beach, for appellee.
OWEN, Judge.
Appellant, charged with second degree murder, tried by jury, found guilty of manslaughter and so adjudged, now brings this direct appeal from the judgment and sentence.
The sole question is whether the court erred in admitting into evidence certain oral and written statements obtained from the appellant during custodial interrogation when appellant had not had the assistance of counsel although some thirty hours prior thereto he had initially stated that he did not want to answer any questions without consulting an attorney.
At the time appellant was arrested he was fully advised of his constitutional rights within the guidelines of Miranda v. Arizona, 1966, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694. This was accomplished through an interpreter, as appellant neither spoke nor understood English and the arresting officers did not speak Spanish, appellant's native tongue. Upon being advised of his constitutional rights, appellant made it clear that he wanted an attorney and that he did not want to discuss with the police officers the matter of the killing until he had talked to a lawyer. Appellant was then incarcerated without further investigation, thereafter remaining in custody.
Approximately 30 hours after his arrest, and without having had the advice of counsel appellant was again interrogated by a police officer with the assistance of an *325 interpreter. At that time, and before the interrogation began, appellant was again advised in detail as to his constitutional rights, following which an inquiry was made as to whether appellant wished to waive such rights and make a statement to the officer. The evidence established that on this occasion appellant clearly understood all of his constitutional rights and indicated his willingness to voluntarily waive such rights and to make a voluntary statement concerning his participation in the killing with which he was charged. The statement which appellant gave at that time and under those circumstances was reduced to writing by a typist as the interrogation was conducted, following which the written statement was read by the interpreter to appellant and approved and signed by him. The written statement together with the interrogating officer's testimony was the evidence to which objection was made and which raises the question on appeal.
Simply stated, the question is whether an accused in custody, having once made known his desire to have the assistance of counsel, may subsequently voluntarily waive such right.
We think this question must be answered in the affirmative, because an accused in custody is just as much entitled to waive the constitutional rights outlined in the Miranda case as he is to insist upon them. 384 U.S. at 479, 86 S.Ct. at 1630, 16 L.Ed.2d at 726. In each case the validity of such a waiver depends upon its meeting the test of having been completely voluntary and knowingly and intelligently made. Any showing of coercion or compulsion on the part of those having the accused in custody or any showing that the accused did not knowingly and intelligently waive such rights would have the effect of tainting the statements subsequently obtained.
This view is in accord with that of other jurisdictions. In State v. Bishop, 1968, 272 N.C. 283, 158 S.E.2d 511, the court stated:
"We do not interpret the portion of the Miranda opinion now under consideration to mean that when a defendant is `in custody' and has been duly advised of his constitutional rights, and he states that he does not want to make a statement at the first questioning, that law enforcement officers are forever barred from asking another question. We do interpret it to mean that when a defendant is being interrogated and he indicates that he wishes to remain silent, that interrogation must not then be continued The vice sought to be removed is the evil of continued, incessant harrassment by interrogation which results in breaking the will of the suspect, thereby making his statement involuntary."
On this same question, the Supreme Court of Iowa in State v. McClelland, Iowa 1969, 164 N.W.2d 189, stated:
"It is at once apparent the inevitable consequence of [a holding that the subsequent statement was inadmissible] would be an ironclad rule prohibiting police officers from subsequently inquiring of a defendant who has invoked his right to silence whether he wishes at any time to waive that right. Certainly a defendant has a right to reconsider and change his decision in the matter. We do not believe Miranda goes so far as to exclude all answers to questions put to defendants after they have claimed their right to remain silent. This is particularly true under a record, as here, which is clearly demonstrative of the wholly voluntary nature of the given response. To hold otherwise would overlook the realities of efficient and practical criminal investigation."
In State v. Oliva, 1968, 183 Neb. 620, 163 N.W.2d 112, the court stated:
"Miranda requires only that a request for counsel be respected and interrogation cease. `* * * a request for counsel does not per se disable an accused from thereafter waiving counsel.'"
The conclusion we reach in this case is also in accord with Jennings v. United States, 5 Cir.1968, 391 F.2d 512 and People v. Lewis, Cal. App. 1968, 68 Cal. Rptr. 790.
*326 The judgment and sentence are severally affirmed.
Affirmed.
CROSS, C.J., and McCAIN, J., concur.