ROBERTSON,- Justice.
Appellant, William Thomas Pitts, was indicted and tried in the Circuit Court of the First Judicial District of Jones County, Mississippi, for the murder of Jimmy Pitts. The jury found him guilty of manslaughter. The court sentenced him to serve a term of 15 years in the State Penitentiary.
This is the second appearance of this case before this Court. We refer to the report of this case in 241 So.2d 668 (Miss. 1970), for a full statement and discussion of the facts.
*522 On the first trial the jury found the' defendant guilty of murder and fixed his punishment at life. The facts of this case were largely circumstantial and we reversed the conviction and judgment because the court refused to grant the defendant an instruction that the evidence must exclude every reasonable hypothesis other than that of guilt. The court had also granted the state a “You do not have to know” instruction, and we called attention to the fact that that instruction had been repeatedly condemned by this Court, and that finally, in Pryor v. State, 239 So.2d 911 (Miss.1970), we held that the granting of such an instruction was fatal error.
The appellant has assigned six errors. We dispose of four of them by stating that there was ample evidence to warrant the submission of this case to the jury and the jury was fully justified in returning a verdict of guilty of manslaughter.
The appellant has also assigned as error the refusal of the trial judge to grant him the following instruction:
“The Court instructs the Jury for the Defendant, William Thomas Pitts, and [sic] you cannot convict him upon mere suspicion or conjecture. It makes no difference as to how suspicious the circumstances may be as to the Defendant’s guilt; if you are not satisfied in your own mind beyond a reasonable doubt and to the exclusion of every other reasonable hypothesis that the Defendant did wilfully, unlawfully, feloniously and of his malice of [sic] aforethought, kill and murder Jimmy Pitts, a human being, then you find him not guilty.”
Underneath this instruction, the trial judge had written: “SUFFICIENTLY COVERED BY OTHER INSTRUCTIONS.” The trial court was correct. Twelve instructions were granted the defendant and in at least six of these the jury was instructed that each juror must be individually satisfied, from the evidence adduced, of the defendant’s guilt beyond a reasonable doubt and to the exclusion of every other reasonable hypothesis other than that of guilt. In addition to the defendant’s six instructions, the State even secured one instruction along this line.
There is another reason why this instruction should not have been granted. This instruction is not limited to finding the defendant not guilty of murder; the jury is simply instructed that they could not find the defendant guilty of anything.
As the defendant was being returned to the jail, after the preliminary hearing where defendant was represented by his lawyer, defendant interrupted an unrelated conversation between Sheriff Jerry Landrum and the district attorney who were sitting on the front seat of the car, and spontaneously began discussing his case. He volunteered this statement to. the sheriff: “Jerry, it is my gun.” Appellant contends that the admission of this statement as evidence was error.
In Nevels v. State, 216 So.2d 529 (Miss. 1968), we quoted from Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966):
“In dealing with statements obtained through interrogation, we do not purport to find all confessions inadmissible. Confessions remain a proper element in law enforcement. Any statement given freely and voluntarily -without any compelling influences is, of course, admissible in evidence. The fundamental import of the privilege while an individual is in custody is not whether he is allowed to talk to the police without the benefit of warnings and counsel, but whether he can be interrogated. There is no requirement that police stop a person who enters a police station and states that he wishes to confess to a crime, or a person who calls the police to offer a confession or any other statement he desires to make. Volunteered statements of any kind are not barred by the Fifth Amendment and their admissibility is not affected by our holding today." 216 So.2d at 530. (Emphasis added).
*523 In Boyles v. State, 223 So.2d 651 (Miss. 1969) we repeated this statement from Miranda, and again in the 1970 case of Moore v. State, 237 So.2d 844 (Miss.1970), we referred to Miranda as our authority.
The admission by defendant that the particular pistol was his was an unsolicited, voluntary and spontaneous statement on his part. The trial court was correct in admitting that volunteered statement into evidence. There being no harmful error, the conviction and judgment are affirmed.
Affirmed.
GILLESPIE, C. J., and PATTERSON, INZER and SMITH, JJ., concur.