324 So.2d 187 (1975)
Dale E. FRANKLIN, Appellant (Defendant),
v.
STATE of Florida, Appellee (State).
No. Y-280.
District Court of Appeal of Florida, First District.
December 23, 1975.
*188 Edward E. Hedstrom, of Dowda, Hedstrom & Fields, Palatka, for appellant.
Robert L. Shevin, Atty. Gen., and Donald K. Rudser, Asst. Atty. Gen., for appellee.
MILLS, Judge.
Franklin seeks reversal of a judgment of conviction and sentence based on a jury verdict finding him guilty of robbery. The issue before us is whether the trial court erred in denying his motion to suppress a confession made by him.
Immediately after his arrest Franklin was advised of his constitutional rights. When asked if he wanted to talk about the crime, Franklin replied, "No, not right now." He gave the same answer when asked if he wanted an attorney. Within fifteen minutes of his arrest, Franklin was delivered by the arresting officer to the jail. The arresting officer informed the officer at the jail, to whom he delivered Franklin, that he had advised Franklin of his constitutional rights, and that Franklin did not want to give a statement. The officer at the jail inquired of Franklin if he had been advised of his constitutional rights, and if he understood them. Franklin responded, "Yes." He was asked if he wanted an attorney. He said, "No." Upon being asked if he wanted to give a statement, he said that he did. Approximately thirty minutes after his arrest, Franklin gave a written statement admitting his participation in the robbery. As a preface to the signed confession, Franklin stated that he had been advised of his constitutional rights; that he wanted to make a statment without the presence of an attorney; and, that he had not been threatened, coerced, forced, or promised anything to make the statement.
Before taking Franklin's confession, was it necessary to fully repeat his constitutional rights to him? No. Did Franklin voluntarily, knowingly, and intelligently waive his rights? Yes.
Because only thirty minutes lapsed between the time he was given full Miranda warnings and the time he gave his confession; and because he was in substance reminded of the warnings before giving his confession; it was unnecessary to fully repeat the warnings. See Melero v. State, 306 So.2d 603 (Fla.App.3d, 1975).
*189 A defendant has as much right to waive his right to be silent as he has to insist on the right. The validity of the waiver depends upon it being voluntarily, knowingly, and intelligently made. Nunez v. State, 227 So.2d 324 (Fla.App.4th, 1969). The facts presented to us clearly show a waiver that meets this test.
Affirmed.
RAWLS, Acting C.J., and SMITH, J., concur.