338 So.2d 1107 (1976)
Glenn BATTLE, Appellant,
v.
The STATE of Florida, Appellee.
No. 75-1357.
District Court of Appeal of Florida, Third District.
October 26, 1976.
Rehearing Denied November 23, 1976.
*1108 Phillip A. Hubbart, Public Defender and Paul Morris, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Margarita G. Esquiroz, Asst. Atty. Gen., for appellee.
Before BARKDULL, C.J., and PEARSON and HENDRY, JJ.
PER CURIAM.
Defendant appeals a judgment finding him guilty of robbery, assault with intent to commit rape and aggravated battery. He was sentenced to 150 years in the state prison on the robbery count. The adjudication was based upon a jury verdict.
On the night of the incident in question, the victim (a young woman) and her boyfriend were in the Miami Greyhound Bus Station. While sitting in the waiting room, the victim decided to go upstairs to the ladies room to change into warmer clothes in preparation for her bus trip north. As she was entering the ladies room, she was confronted by the defendant, who pushed her inside, hit her with his fists, pulled her into a shower stall, kicked her repeatedly and pulled down her brassiere and pants. While this was taking place, two police officers and a security guard entered the ladies room in search of persons involved in a completely separate matter. At this point, the defendant came out of the shower stall and was apprehended by the police officers.
We are presented with three questions, the first of which concerns the trial court's denial of defendant's motion to suppress statements made soon after the incident, allegedly in violation of defendant's Miranda rights. A review of the record shows that two of the three statements sought to be suppressed were made at the scene of the crime and the third statement made shortly thereafter at the police station. Defendant's position alleging error in the denial of his motion to suppress rests on the significance of the lack of affirmative responses to each of the Miranda warnings given to him. We note, however, that defendant did respond at the conclusion of the warnings, indicating that he understood them. The fact that the defendant once asked for the presence of an attorney and, thereafter, was permitted to provide police with inculpatory statements is also emphasized on this appeal as a ground for error in the trial court's denial of defendant's motion to suppress.
We cannot agree with the defendant. It plainly appears that the questioned statements were not coerced and were voluntarily made by the defendant at or near the scene of the crime. As stated in U.S. v. Anthony, 474 F.2d 770 (5th Cir.1973):
"* * * [W]e disagree with Appellant's appraisal of the effect of the dialogue between him and the arresting officer at the time of the arrest. There is no evidence that the FBI agent persisted in the interrogation after [appellant] invoked his right to counsel * * * Nor is there evidence that [appellant] manifested inconsistent conduct because of confusion * * * The Judge could conclude that [appellant] himself initiated further conversation with the officer."
See also United States v. Hodge, 487 F.2d 945 (5th Cir.1973), United States v. Grady, 423 F.2d 1091 (5th Cir.1970).
"A defendant has as much right to waive his right to be silent as he has to insist on the right. The validity of the waiver depends upon it being voluntarily, knowingly, and intelligently made. Nunez v. State, 227 So.2d 324. (Fla.App. 4th, 1969)."
* * * Franklin v. State, 324 So.2d 187 (Fla. 1st DCA 1975)
See also Jordan v. State, 334 So.2d 589 (Fla. 1976).
We find that a voluntary, knowing and intelligent waiver was made by the defendant in the present case. The record shows that the defendant requested an attorney in response to the Miranda warnings given to him at the police station, and that following *1109 that request, he approached police investigator James Carpenter who was doing some paper work on the case and told Carpenter that "... he wanted to talk about what happened." Carpenter told him that because he wished to have an attorney present and did not wish to make a statement without an attorney present, that he, Carpenter, could not talk to him. Then Carpenter explained that in order to change his mind about talking to the police, the defendant would have to place his initials at designated places on the constitutional rights form indicating the waiver of his prior request for the presence of an attorney. This was agreeable to the appellant, who placed his initials on the form. The form was then initialed by Officer Frank Thomas, who was present at the time. The appellant then made his statement. We hold, therefore, that a valid waiver was made by the defendant and that he may not complain on appeal of the trial court's actions.
We must also reject defendant's argument that the trial court erred in imposing a sentence in excess of the statutory maximum. See Harper v. State, 306 So.2d 141 (Fla. 4th DCA 1975); Holley v. State, 306 So.2d 561 (Fla. 4th DCA 1975).
Finally, we find without basis defendant's contention that a term of imprisonment was improperly imposed below where there was allegedly overwhelming evidence that he was in need of psychiatric treatment which the Florida prison system could not provide and the lack of which could result in permanent schizophrenia, thereby violating his right to treatment and to be free from cruel and unusual punishment. We believe it is significant to point out that the trial judge, upon considerable evidence, determined the defendant to be sane. Further, the appellant has not presented us with any authority supporting the view that a valid term of imprisonment can constitute cruel and unusual punishment upon a criminal defendant.
Affirmed.