DAUKSCH, Judge,
concurring specially:
In Harper v. State, 306 So.2d 141 (Fla. 4th DCA 1975), and Holley v. State, 306 So.2d 561 (Fla. 4th DCA 1975), this court in per curiam affirmances, Judge Owen dissenting, held that sentences for a term of years greater than any present living man’s life expectancy are lawful. In Battle v. State, 338 So.2d 1107 (Fla. 3rd DCA 1976), the Third District Court of Appeal followed the decisions of this court. In Harper, supra, the term was 130 years. In Holley, supra, 150 years. In Battle, supra, 150 years.
*689 In Byrd v. State, 281 So.2d 22 (Fla.1974), the defendant was sentenced to 150 years for the crime of rape. At the time he was sentenced the death penalty for rape had not yet been declared unconstitutional in Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972). Because the only case which our Supreme Court has upheld imprisonment for a term longer than the defendant’s life expectancy was a case in which the maximum sentence was death I believe it is time our Supreme Court looks at this problem again. I believe it to be of great public interest since many persons have been and most likely will be sentenced under robbery convictions to a term of years greater than life.
In the case now before us Mr. Alvarez was sentenced to 125 years imprisonment for the crime of robbery. The Statute now says that robbery is “punishable by imprisonment for a term of years not exceeding life imprisonment.” Section 812.13, Florida Statutes (1975). The Statute under which Mr. Alvarez was convicted was a bit different in that it said robbery was “punishable by imprisonment in the state prison for life or for any lesser term of years.” Section 813.011, Florida Statutes (1973).
Under both definitions the punishment “for a term of years not exceeding life” and “for life or for any lesser term of years”; it is obvious that the legislature meant the imprisonment to be no longer than the natural life of the convict.
There are a number of tables, including those contained within Florida Statutes, which set out the life expectancy of persons of various ages. Of course those tables are not tailored to accurately predict the life expectancy of any individual but we do not need the tables to know that a man 20 years of age will not have the life expectancy of 150 years. Our common sense tells us so. He won’t live another 135 years. It is possible, but unlikely he will live another 100 years. It is likely he will live 50 years. I am not attempting to set guidelines nor do I believe any sentencing judge can determine life expectancy or the date of death of a person when he attempts to sentence a man to a maximum term of years instead of life imprisonment.
The Statute gives the sentencing judge two alternatives: He may sentence for life or for a term of years not exceeding life. If the sentencing judge wants to give the maximum sentence then that sentence is life. It is obvious the sentencing judges intend to try to invade the province of the executive authority of our State and their parole habits in order to have a defendant incarcerated for as long as possible. There have been tables made available to sentencing judges, and others, indicating how long a prisoner serves before parole is usually granted. Accordingly, sentences in excess of life are supposed to keep prisoners longer than life sentences. If the legislature wants to change the Statute to permit sentencing judges or juries, like Texas, to sentence prisoners to any number of years then it may do so. I do not by this statement recommend for or against what is solely the province of the legislature.
Under the cases above cited the sentence of Mr. Alvarez was within the discretion of the court and the trial judge was proper in thinking he had the authority to enter the 125 year sentence. However, I believe that sentence exceeds the lawful authority under Section 813.011, Florida Statutes (1973).
I would reverse the Sentence and remand to the trial court for resentencing to a term of years not exceeding life, or life imprisonment, but as the case law is established against my opinion I choose to follow stare decisis and specially concur in the result and especially concur in the certification.