357 So.2d 643 (1978)
Jimmy Wayne HARRELL
v.
STATE of Mississippi.
No. 50440.
Supreme Court of Mississippi.
April 12, 1978.
Richard D. Foxworth, Columbia, for appellant.
A.F. Summer, Atty. Gen. by Calvin Coolidge Williams, Jr., Sp. Asst. Atty. Gen., Jackson, for appellee.
Before SMITH, LEE and BOWLING, JJ.
BOWLING, Justice, for the court.
Appellant was tried and convicted in the Circuit Court of Marion County. He was charged with violating the provisions of Mississippi Code Annotated section 97-5-23 (1972), which provides as follows:
Any male person above the age of eighteen years, who, for the purpose of gratifying his lust, or indulging his depraved licentious sexual desires, shall handle, touch, or rub with hands or any part of his body or any member thereof, any child under the age of fourteen years, with or without his consent, shall be guilty of a high crime and upon conviction thereof, shall be fined in any sum not less than ten dollars ($10.00) nor more than one thousand dollars ($1,000.00), or *644 be imprisoned in the state penitentiary not less than one year nor more than ten (10) years, or be punished by both such fine and imprisonment, at the discretion of the court.
Appellant presents two assignments of error, towit:
1. The court erred in permitting the State of Mississippi to introduce the alleged confession and other statements of the appellant over the objection of the appellant, because the said statements were made prior to the appellant being given a constitutional warning as required by Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), and after he was placed in fear of his life.
2. The State of Mississippi failed to prove any violation of Section 97-5-23 of the Mississippi Code of 1972 as amended.
As stated above, appellant contends that his Miranda warnings and instructions were not sufficient to satisfy the Sixth Amendment requirements as set out in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), and Gerstein v. Pugh, 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975).
First we need to examine and analyze the warnings, statement of rights, and waivers executed by appellant prior to giving the statement complained of by him here. The record shows that appellant was arrested after midnight on the morning of January 7, 1977. At the non-jury hearing to determine the admissibility of appellant's statement, Bobby Reed, Sheriff of Marion County and the arresting officer, testified that immediately upon arresting appellant he read him the following Miranda rights, towit:
You do not have to say anything. You have an absolute right to remain silent. Anything you might say can and will be used against you in a court of law. You have the right to talk to an attorney before talking to police, and you may have the attorney present while being questioned. You will be provided with an attorney if you want one and if you cannot afford one the attorney will be provided without charge to you. If you do not desire to answer any questions or if you desire to discontinue the interview at any time you will not be compelled to continue.
Appellant was taken to the Marion County jail and according to the testimony of the officers, and not materially disputed by appellant, the latter was presented an already completed form obviously used by the sheriff's office and written in typed capital letters. Appellant read and signed this form as follows:
 "YOUR RIGHTS
 Place Marion County Sheriff Office
 Date 1-7-77 
 Time 1:25 A.M. 
"Before we ask you any questions, you must understand your rights. You have the right to remain silent. Anything you say can be used against you in Court. You have the right to talk to a lawyer for advice before we ask you any questions, and to have him with you during questioning. You have this right to the presence and advice of a lawyer even if you cannot afford to hire one. We have no way of giving you a lawyer, but one will be appointed for you, if you wish, if and when you go to court. If you wish to answer questions now without a lawyer present, you have the right to stop answering questions at any time. You also have the right to stop answering at any time until you talk to a lawyer.

"WAIVER
I have read the statement of my rights as shown above. I understand what my rights are. I am willing to answer questions and make a statement. I do not want a lawyer. I understand and know what I am doing. No promises or threats have been made to me and no pressure of any kind has been used against me.
 "Signed Jimmy Wayne Harrell 
WITNESS Bobby Reed 
WITNESS Jimmy L. Ray 
TIME 1:25 A.M. 
After executing the foregoing rights and waiver form, appellant wrote a statement in his own handwriting and signed it. This was on another previously prepared form headed "Statement." Part of the statement was typed into the form and had a place for the time, date, place of the statement *645 being given, and the name of the person making the statement. After the introduction, the remaining part of the sheet was mostly blank. Appellant wrote his statement in this part. The statement then ended with another typewritten form stating "I have read the above statement consisting of ____ pages and attest that it is a true and accurate account of the events which took place on ____. It was given by me freely and voluntarily, without fear of threat or promise of reward." There were two blanks for witnesses and a blank for the signature of the person giving the statement. We will not set out the statement written by appellant in his own handwriting as this will serve no purpose in this opinion, as hereafter shall be discussed.
Appellant contends that this Court has condemned the above set out form headed "Your Rights" in the cases of Burge v. State, 282 So.2d 223 (1973), and Evans v. State, 275 So.2d 83 (1973). In Evans, in discussing almost the identical alleged error now before the Court, it was said:
Appellant argues that warning given was defective in that it did not inform him that if he wanted an attorney it would be immediately furnished and tended to mislead him in believing that he could not get a lawyer unless he confessed and went to court.
The Court held that the accused Evans was sufficiently warned of his rights.
In Burge, the Court again was confronted with a similar statement in the waiver form executed by the accused. One sentence in the Burge form was identical to one sentence in the form in the case at bar, towit: "We have no way of giving you a lawyer, but one will be appointed for you if you wish, if and when you go to court."
The Court, in criticising this language but holding it not to be prejudicial and reversible error, stated:
... In isolation, this argument is persuasive, but when considered in context with the remainder of the related warning, a part of which advised of the right to an attorney before responding to questioning, the plausibility disappears. In the recent cases of Holifield v. State, 275 So.2d 851 (Miss. 1973), and Evans v. State, 275 So.2d 83 (Miss. 1973), we held this type of warning not to be error, relying primarily upon Mayzak v. United States, 402 F.2d 152 (5th Cir.1968).
Moreover, a volunteered statement, voiced without prompting or interrogation, is admissible in evidence if made prior to the warning and of course if it were voluntarily and spontaneously made subsequent thereto, it would remain admissible in evidence. Fabian v. State, 267 So.2d 294 (Miss. 1972); Boyles v. State, 223 So.2d 651 (Miss. 1969); Spurlin v. State, 218 So.2d 876 (Miss. 1969); and Nevels v. State, 216 So.2d 529 (Miss. 1968). Officers in the presence of a suspect, either prior to arrest or thereafter, are not required to turn a deaf ear to the voluntary utterances of such person and they are not rendered inadmissible by Miranda. We conclude the warning given to be sufficient to meet the standards set forth in Miranda, but even if this were not so, the lower court found the statement of Burge relating to the location of the gun to have been voluntarily made and since this finding is supported by credible testimony, it was admissible in evidence. We therefore conclude this assignment of error to be without merit. We think, however, since there exists a split of authority between some of the federal circuits, as well as several of the states, on the adequacy of similar Miranda warnings, that peace officers would be well advised to delete the underscored portion from the quotation "We have no way of giving you a lawyer, but one will be appointed for you if you wish, if and when you go to court" from future warnings since the final decision on the point will apparently have to be made by the United States Supreme Court. See United States v. Cassell, 452 F.2d 533, 541, Footnote 8[2] (7th Cir.1971); and Williams v. Twomey, 467 F.2d 1248 (7th Cir.1972).
We hereby reiterate and emphasize the above admonition to peace officers and suggest that this be followed henceforth.
*646 We hold that even though the one sentence quoted above that still appears in the warning now before the Court does not constitute reversible error as the other language is clear and certainly offsets any damage done by the quoted sentence. The Court found that the arresting officer read appellant his Miranda rights as set out above immediately upon arrest. The "Rights Form" then signed by appellant at the sheriff's office clearly told appellant that "you have the right to remain silent," and "you have the right to talk to a lawyer for advice before we ask you any questions, and to have him with you during the questioning," and "you have the right to stop answering questions at any time," and "you also have the right to stop answering at any time until you talk to a lawyer."
Appellant was a high school graduate and from his testimony and the writing of the statement in his own handwriting and the contents therein, he certainly knew from reading the above that he could not be forced to give a statement. He read and agreed in the "Waiver" that "I do not want a lawyer. I understand and know what I am doing. No promises or threats have been made to me and no pressure of any kind has been used against me."
Appellant did testify that he was threatened and was physically abused. The lower court found against him on this conflicting testimony.
Therefore, we hold, as in Evans and Burge, that the addition of the undesirable sentence in the "rights" warning is not sufficient to hold that appellant was not given adequate warnings under Miranda.
However, we do emphasize to peace officers in this state that these forms should be prepared correctly and that the objectionable sentence, as hereinbefore discussed, should be changed or omitted therefrom.
We shall not discuss the testimony of the witnesses at the trial. It is sufficient to say that with the admission of appellant's statement and the testimony of the prosecuting witness there was ample evidence for the jury to find that appellant violated the provisions of section 97-5-23.
AFFIRMED.
PATTERSON, C.J., SMITH, P.J., ROBERTSON, P.J., and SUGG, WALKER, LEE and COFER, JJ., concur.
BROOM, J., took no part.