378 So.2d 316 (1980)
Daniel R. CRIBBS, Appellant,
v.
STATE of Florida, Appellee.
No. LL-355.
District Court of Appeal of Florida, First District.
January 4, 1980.
*317 Michael J. Minerva, Public Defender, Thomas S. Keith, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., Raymond L. Marky, Asst. Atty. Gen., for appellee.
PER CURIAM.
Cribbs, convicted of grand theft, appeals contending the court erred by admitting into evidence certain oral confessions. We agree and reverse.
Cribbs was picked up for questioning on the morning of April 26, 1978, by police officers of the City of Alachua. Prior to questioning, Cribbs was given the standard Miranda[1] warnings. Cribbs responded by advising the officer, Police Chief Parrish, that he wanted to speak with his attorney prior to questioning. While Cribbs was in the process of placing a phone call to the public defender's office, Parrish stated:
Now, Danny, I don't want to get anybody in hot water, but it's my understanding that a Public Defender cannot represent you unless the court appoints him to represent you on a particular matter before you have a first hearing, or know that you have been charged.
When Cribbs was unable to reach his attorney, Parrish informed him that "your rights still stand". Cribbs then agreed to talk with Chief Parrish and ultimately made an oral confession concerning the theft and arson of an automobile.
Cribbs was then transported to the Columbia County Jail by Officer Wheeler of the Columbia County Sheriff's Office. During the trip from Alachua to Lake City, Wheeler, without advising Cribbs of his Miranda rights, questioned Cribbs about the incident and requested that he prepare a written statement concerning the theft. When Cribbs arrived at the Columbia County Jail at 3:15 P.M., he was again advised of his Miranda rights.
At 10:00 A.M. on April 27, 1978, Cribbs again confessed to the incident after being questioned by Officers Dampier and Smith of the High Springs Police Department. Prior to the questioning, Cribbs executed a waiver form acknowledging receipt of his Miranda rights and his willingness to waive them.
Cribbs did not receive a first appearance before a judicial officer, nor was counsel *318 appointed for him, until April 28, 1978, clearly violative of the mandates of Florida Rule of Criminal Procedure 3.130(b).
The trial court correctly suppressed the written statement made by Cribbs at Wheeler's direction during the trip from Alachua to Lake City. Cribbs contends, however, that his confession to Chief Parrish should have been suppressed because he was not properly advised of his right to counsel. Further, Cribbs argues that the confession to Officers Dampier and Smith was fatally tainted by the improper advice given by Chief Parrish, the improper conduct of Officer Wheeler, and the fact that Cribbs did not receive a first appearance within twenty-four hours of his arrest as required by Rule 3.130(b).
We agree that the confession to Chief Parrish should have been suppressed. In our view, Parrish's remarks to the effect that Cribbs could not talk with a public defender until the attorney had been appointed by the court vitiated the Miranda warnings previously given Cribbs. We recognize that jurisdictions are split as to the efficacy of Miranda warnings of a similar import.[2] However, not only was the statement made by Parrish to Cribbs misleading and confusing regarding his right to counsel prior to questioning, it was a misstatement of applicable Florida law. Florida Rule of Criminal Procedure 3.111(c) requires an officer who commits a defendant to custody to immediately advise him of his right to counsel. Rule 3.111(c)(2) specifically provides:
If the defendant requests counsel or advises the officer he cannot afford counsel, said officer shall immediately and effectively place said defendant in communication with the (office of) Public Defender of the circuit in which the arrest was made.
Further, Rule 3.111(c)(4)(i) authorizes the Public Defender to tender to a defendant who is in custody and reasonably appears to be indigent "such advice as is indicated by the facts of the case" pending a formal judicial determination of indigency. Thus, Florida law clearly envisions immediate access to counsel upon the request of an indigent defendant in custody, notwithstanding the lack of formal appointment of counsel by a judicial officer.
Moreover, the confession to Parrish should have been suppressed since the evidence did not establish that Cribbs knowingly and voluntarily waived his right to counsel. Florida courts have held that a waiver of the right to counsel is possible once that right has been asserted, but prior to consultation with an attorney. Jackson *319 v. State, 359 So.2d 1190 (Fla. 1978), cert. denied, 439 U.S. 1102, 99 S.Ct. 881, 59 L.Ed.2d 63 (1979); Nunez v. State, 227 So.2d 324 (Fla. 4th DCA 1969); Battle v. State, 338 So.2d 1107 (Fla. 3d DCA 1976). However, the present case is significantly different from those in which such a waiver has been found. Here, there was no significant break in the interrogation and no change in parties, place, or subject matter of the interrogation. Contrast, Michigan v. Mosley, 423 U.S. 96, 96 S.Ct. 321, 46 L.Ed.2d 313 (1975). From the facts presented, it is clear that Parrish did not "scrupulously honor" Cribbs' request for counsel but rather resumed questioning after only a momentary respite. See Mosley, 423 U.S. at 102, 96 S.Ct. 321. Unlike the defendants in Jackson, Nunez, and Battle, Cribbs was not fully readvised of his Miranda rights. Further, Parrish's statements to Cribbs can be characterized as an attempt "to persuade [him] to reconsider his position", Mosley, 423 U.S. at 104, 96 S.Ct. at 327, and it almost immediately had that effect. These factors, coupled with Parrish's erroneous advice, militate against a finding of waiver in this case.
Finally, we agree that Cribbs' confession to Officers Dampier and Smith should have been suppressed. Although Cribbs was given Miranda warnings prior to this confession, we find that the warnings given were insufficient to erase the taint of the misinformation given to Cribbs by Chief Parrish. Significantly, we note that Cribbs did not receive a first appearance before a judicial officer within twenty-four hours of his arrest as required by Florida Rule of Criminal Procedure 3.130(b). Although a violation of Rule 3.130(b) does not in and of itself require suppression of a confession, Headrick v. State, 366 So.2d 1190 (Fla. 1st DCA 1978), this factor is significant here in light of the previous erroneous information given by Parrish. Had Cribbs received a timely first appearance, the taint from the previous misinformation given by Parrish may well have been cured. However, since at the time of the confession, Cribbs had not yet received his first appearance nor had counsel been appointed, the mere recitation of Miranda warnings was insufficient to correct the misinformation that Cribbs was not entitled to an attorney at questioning unless the attorney had been appointed by the court. Since there was no knowing and voluntary waiver of the right to counsel, Cribbs' confession should have been suppressed.
Accordingly, the conviction is reversed and the cause remanded for further proceedings consistent herewith.
McCORD and SHIVERS, JJ., and MASON, ERNEST E., Associate Judge, concur.
NOTES
[1] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Cribbs was advised as follows:

You have the right to remain silent, anything you say, can and will be used against you in a court of law. You have the right to talk to a lawyer, and have him present with you while you're being questioned. If you cannot afford to hire a lawyer, one will be appointed to represent you before any questioning if you wish. You can decide at any time to exercise these rights and not answer any questions or make any statements.
[2] Numerous federal and state courts have held that Miranda warnings to the effect that if a person in custody wished a lawyer, one would be appointed "if and when you go to court" were adequate. See e.g., Wright v. North Carolina, 483 F.2d 405 (4th Cir.1973), cert. denied, 415 U.S. 936, 94 S.Ct. 1452, 39 L.Ed.2d 494 (1974); Massimo v. United States, 463 F.2d 1171 (2nd Cir.1972), cert. denied, 409 U.S. 1117, 93 S.Ct. 920, 34 L.Ed.2d 700 (1973); United States v. Lacy, 446 F.2d 511 (5th Cir.1971); Klingler v. United States, 409 F.2d 299 (8th Cir.1969), cert. denied, 396 U.S. 859, 90 S.Ct. 127, 24 L.Ed.2d 110 (1969); Harrell v. State, 357 So.2d 643 (Miss. 1978); State v. Maluia, 539 P.2d 1200 (Hawaii 1975); State v. Beach, 320 So.2d 142 (La. 1975); Rowbotham v. State, 542 P.2d 610 (Okl.Crim. 1975); Jones v. State, 69 Wis.2d 337, 230 N.W.2d 677 (1975); Schade v. State, 512 P.2d 907 (Alaska 1973); Emler v. State, 286 N.E.2d 408 (Ind. 1972); People v. Campbell, 26 Mich. App. 196, 182 N.W.2d 4 (1970), cert. denied, 400 U.S. 945, 91 S.Ct. 960, 28 L.Ed.2d 228 (1971); People v. Swift, 32 A.D.2d 183, 300 N.Y.S.2d 639 (1969), cert. denied, 396 U.S. 1018, 90 S.Ct. 584, 24 L.Ed.2d 510 (1970). However, several jurisdictions have held that such warnings are inadequate since they do not constitute an effective and express explanation to the accused of his constitutional rights. See e.g., United States ex rel. Williams v. Twomey, 467 F.2d 1248 (7th Cir.1972); United States v. Garcia, 431 F.2d 134 (9th Cir.1970); Coyote v. United States, 380 F.2d 305 (10th Cir.1967), cert. denied, 389 U.S. 992, 88 S.Ct. 489, 19 L.Ed.2d 484 (1967); Commonwealth v. Johnson, 484 Pa. 349, 399 A.2d 111 (1979); State v. Carpenter, 211 Kan. 234, 505 P.2d 753 (1973); Moore v. State, 251 Ark. 436, 472 S.W.2d 940 (1971); Squire v. State, 283 Ala. 548, 219 So.2d 377 (1969); People v. Clark, 2 Cal. App.3d 510, 82 Cal. Rptr. 682 (1969), receded from on other grounds, People v. Hill, 12 Cal.3d 731, 117 Cal. Rptr. 393, 528 P.2d 1 (1974); State v. Creach, 77 Wash.2d 194, 461 P.2d 329 (1969); Brooks v. State, 229 A.2d 833 (Del. 1967).