384 So.2d 212 (1980)
Stephen DeLUCA, Appellant,
v.
STATE of Florida, Appellee.
No. 78-1116.
District Court of Appeal of Florida, Fourth District.
May 21, 1980.
Rehearing Denied June 25, 1980.
Richard L. Jorandby, Public Defender, and Tatjana Ostapoff and Jack Goldberg, Asst. Public Defenders, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Kenneth G. Spillias and Ondina Felipe, Asst. Attys. Gen., West Palm Beach, for appellee.
BERANEK, Judge.
Defendant appeals his conviction after jury trial of burglary and grand larceny. Error is asserted in the denial of a motion to suppress physical evidence and the admission of a confession.
The police were investigating a burglary and defendant became the focus of this investigation. While at the police station, defendant was advised of his constitutional protections and executed a Miranda Rights Waiver Card. He initially stated to the police that he was not involved in the burglary in question or any other burglary. One of the items taken in the burglary was a particular gold chain and medallion. Defendant wore such a chain when initially questioned and was asked by the officers for consent to search his motel room. It appears defendant consented to the search and signed a consent form. Defendant testified he signed the consent only because the police said a warrant could be obtained. Defendant acknowledges he was told he had the right to refuse. The search disclosed a larger amount of jewelry and other items which after prompt investigation appeared to be stolen.
On the day after the signing of the Miranda Rights Waiver Card defendant was contacted by the police and told of the results of the continued investigation. Without a further Miranda warning, defendant made various inculpatory statements.
Before trial defendant moved to suppress both the evidence seized from his room and his confessions. These motions were denied and the case proceeded to jury trial. During trial the physical evidence was admitted without objection from defense counsel. In fact counsel repeatedly stated that he had no objection. Defendant *213 asserts the consent to search was invalid, that the motion to suppress should have been granted and that the failure to object at trial does not constitute a waiver. We disagree. The failure to object at trial contemporaneously with the admission of the evidence is a waiver of the right to appellate review of the issue. Jones v. State, 360 So.2d 1293 (Fla. 3d DCA 1978); O'Berry v. Wainwright, 300 So.2d 740 (Fla. 4th DCA 1974); Witt v. State, 4th DCA Case No. 79-621, Opinion filed May 14, 1980.
The defendant also asserts that his statements to the police officer should have been suppressed. He argues that his Miranda rights should have been repeated because his confession occurred 24 hours after his arrest. The defendant was initially given full Miranda warnings and voluntarily consented to a search. There is no necessity to continually re-advise an individual in custody as to his Miranda rights. The Federal Courts have considered this issue and held that re-advisement of Miranda rights is not necessary to a valid finding of a knowing and intelligent waiver. See Biddy v. Diamond, 516 F.2d 118 (5th Cir.1975), cert. den. 425 U.S. 950, 96 S.Ct. 1724, 48 L.Ed.2d 194 (1976); Maguire v. United States, 396 F.2d 327 (9th Cir.1960); and U.S. ex rel. Henne v. Fike, 563 F.2d 809 (7th Cir.1977). In Franklin v. State, 324 So.2d 187 (Fla. 1st DCA 1975), the First District held a 30-minute interval did not necessitate re-advising a defendant who had been reminded of earlier warnings.
Although no directly controlling Florida authority has been cited to us, we conclude that the defendant has failed to demonstrate error and the conviction below is affirmed.
AFFIRMED.
ANSTEAD and MOORE, JJ., concur.