SHARP, Judge.
The state appeals from the trial judge’s ruling which suppressed two admissions made by Hale implicating him in a burglary and grand theft case. We have jurisdic *1110 tion. Fla.R.App.P. 9.140(c)(1)(B). The basis for the trial judge’s ruling was that the booking clerk at the Altamonte Springs police station failed to comply with Florida Rule of Criminal Procedure 3.111(c), and thereafter Hale made the two statements. We reverse.
Rule 3.111(c) (Duty of Booking Officer) provides:
In addition to any other duty, the officer who commits a defendant to custody has the following duties:
(1)He shall immediately advise the defendant:
(1) of his right to counsel;
(ii) that if the defendant is unable to pay a lawyer, one will be provided immediately at no charge.
(2) If the defendant requests counsel or advises the officer he cannot afford counsel, said officer shall immediately and effectively place said defendant in communication with the (office of) Public Defender of the circuit in which the arrest was made.
(3) If the defendant indicates he has an attorney or is able to retain an attorney, the officer shall immediately and effectively place defendant in communication with his attorney or the Lawyer Referral Service of the local bar association.
Based on the undisputed facts in this record and the trial judge’s findings, we do not think the violation of rule 3.111(c) in this case was a sufficient basis to suppress Hale’s statements. Hale was arrested at approximately 10:30 a.m. on April 23, 1986, and charged with burglary of a dwelling and two counts of grand theft. The arresting police officers gave Hale his Miranda warnings.[1] They noted on the Miranda card that he had elected to remain silent and asked for assistance of counsel.
Hale was taken to the Altamonte Springs Police Department and was being processed through the booking procedure when he became ill. The police took him to Florida North Hospital where he was treated for a suspected heart attack and remained for four and one-half hours. He was returned to the Altamonte Springs Police Department at approximately 5:00 p.m.
By that time the original booking clerk had gone off duty, and Panju (not a sworn police officer) began to complete the booking process. Panju testified he did not readvise Hale of his constitutional rights, but he noted from the card in the file that Hale had elected to remain silent. Hale testified that he asked Panju to get an attorney for him, and to allow him to make a telephone call. Panju testified he was the only clerk on duty at that time, and he was very busy handling the booking of other suspects at the station. He put Hale off, saying he would get to him as soon as possible.
Both Hale and Panju testified that other than questions necessary to complete thé booking process, Panju did not ask any questions about the offenses with which Hale was charged. Panju completed the arrest form, made the pictures, and took Hale’s finger and palm prints. After the prints were complete, Panju said he cleaned his hands and walked around the corner of the table to the camera to take care of the negatives.
As Panju was walking away from Hale, Hale said “that was a stupid thing to do.” Panju did not know to what Hale was referring. He thought Hale might be talking about the fingerprinting process they had just completed. He asked Hale about his remark. Hale then replied that he had seen the door of a residence open with a suitcase inside, and he had gone inside. When he came out he saw the police and ran.
Shortly thereafter, Panju allowed Hale to make a telephone call. Panju dialed a long distance number for Hale. Hale took the call at an extension approximately sixteen feet away from where Panju was standing. Panju testified that Hale telephoned his wife at work, and that he overheard Hale repeat the same statements he had just told him, about seeing a door open with a *1111 suitcase inside, entering, coming out and running from the police.
Hale did not attack the admissibility of these statements on the ground they were involuntarily made. Rather, he and his wife denied Hale even made these statements. In its ruling, the trial court found the statements had been made.[2] However, the trial judge ruled that Panju failed to follow the mandates of rule 3.111(c) by not “immediately and effectively” putting Hale in communication with the public defender when requested to do so, before proceeding with the booking process. Panju admittedly did not make any effort to put Hale in touch with an attorney, although he told Hale that after he was transferred to the Seminole County Sheriffs Department and rebooked there, they would handle such requests. Hale was transferred almost immediately from the Altamonte Springs Police Station after Panju completed booking him, apparently complying with rule 3.111(c).
Both the state and Hale argue that Cribbs v. State, 378 So.2d 316 (Fla. 1st DCA 1980) is determinative of this case. In Cribbs as in this case, the arresting officer failed to comply with rule 3.111(c)(2) by failing to put the accused “immediately and effectively” in communication with the public defender after he invoked his right to remain silent and requested the right to consult an attorney. However, there were other egregious circumstances in Cribbs not involved in this ease. In Cribbs, the arresting deputy completely misstated the time and availability of counsel to the accused. He said the public defender would not assist him until after being appointed by the court, some days hence. The court ruled that such misinformation nullified the Miranda warning given earlier. However, misinformation is not present in the instant case.
Further, in Cribbs the deputy continued to interrogate the accused after he had invoked his right to remain silent and asked to consult an attorney. The court said there was no break in the questioning, no change in the parties, place or subject matter. The accused’s confessions were suppressed because they were not made with a knowing or voluntary waiver of the accused’s right to counsel. The violation of rule 3.130(b) in Cribbs (waiver of counsel) was held to be not determinative in the court’s holding, but rather a “significant factor” in light of the failure to comply with rule 3.111(c), by erroneously informing the accused of his rights to be advised speedily by counsel.
We do not think a booking clerk’s failure to comply with the mandate of rule 3.111(c), where a second booking procedure was to be quickly handled by the county, and where the accused was hardly in the city police station long enough to be processed, is a basis to suppress statements or admissions made to the clerk, absent any circumstances indicating the statements were made involuntarily, as in Cribbs. See Jordan v. State, 334 So.2d 589 (Fla.1976).
The first statement to Panju appears to us to be voluntary on Hale’s part. Panju was not interrogating him, and Hale initiated the conversation. As the Supreme Court said in Edwards v. Arizona, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981), if “... the accused himself initiates further communication, exchanges or conversation with the police,” after invoking his constitutional rights, such statements are admissible. There are no facts here to support a finding that Hale’s statement to Panju was not freely and voluntarily made. See Christopher v. State, 407 So.2d 198 (Fla.1981), cert, denied, 456 U.S. 910, 102 S.Ct. 1761, 72 L.Ed.2d 169 (1982).
The second statement overheard by Panju while Hale was using the telephone is merely a duplication of the first statement, and thus not determinative of this case in view of our ruling on the first statement. However, it appears to us that it also would be admissible on the grounds that there was no violation of Hale’s fourth *1112 amendment rights.[3] Hale’s conversation in jail which was accidentally and inadvertently overheard by Panju, was not electronically seized by wire tap, nor did it involve any circumstances for which Hale had any reasonable expectation of privacy.[4]
For the reasons stated herein, the order suppressing Hale’s admissions is reversed and this case is remanded for further proceedings.
REVERSED AND REMANDED.
ORFINGER and COWART, JJ., concur.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

. Blake v. Munce, 426 So.2d 1175, 1177, n. 1 (Fla. 5th DCA 1983) (whether defendant made statements is a jury question).

. U.S. CONST, amend. IV; art. I, § 16, Fla. Const.; Brown v. State, 349 So.2d 1196 (Fla. 4th DCA 1977), cert, denied, 434 U.S. 1078, 98 S.Ct. 1271, 55 L.Ed.2d 785 (1978).

. See Lanza v. New York, 370 U.S. 139, 82 S.Ct. 1218, 8 L.Ed.2d 384 (1962); Stanley v. Wainwright, 604 F.2d 379 (5th Cir.1979), cert, denied, 447 U.S. 925, 100 S.Ct. 3019, 65 L.Ed.2d 1118 (1980).