538 So.2d 548 (1989)
The STATE of Florida, Appellant,
v.
Jorge LAMAR, Appellee.
No. 88-1770.
District Court of Appeal of Florida, Third District.
February 21, 1989.
Robert A. Butterworth, Atty. Gen., and Steven T. Scott, and Ralph Barreira, Asst. Attys. Gen., for appellant.
Bennett H. Brummer, Public Defender, and Marti Rothenberg, Asst. Public Defender, for appellee.
Before HUBBART, FERGUSON and LEVY, JJ.
LEVY, Judge.
Following Jorge Lamar's arrest for murder, Lamar was taken to the police station and informed of his Miranda rights. He refused to speak and requested an attorney. As the officer was preparing to end the interview, Lamar made the following statement: "I got away with the murder in Chicago, and I'll get away with this one." The officer asked Lamar to clarify the statement and Lamar further remarked: "I beat it, and I'll beat this one." The trial court denied Lamar's motion to suppress but granted his motion in limine to exclude the post-arrest statements. The state appeals the order granting Lamar's motion in limine. We reverse and remand with instructions to the trial court to redact the references to extraneous crimes.
Clearly Lamar's post-arrest statements constituted an admission. Accordingly, this court has jurisdiction to entertain the state's appeal pursuant to Florida *549 Rule of Appellate Procedure 9.140(c)(1)(B). See also State v. Brea, 530 So.2d 924 (Fla. 1988) (order suppressing admissions of coconspirator appealable); State v. Palmore, 495 So.2d 1170 (Fla. 1986) (suppression order barring sworn statement containing admissions appealable); State v. Hale, 505 So.2d 1109 (Fla. 5th DCA 1987) (suppression of admissions appealable).
The state, while originally suggesting that the complete statements should be admissible, later agreed that the references to any collateral crimes should be redacted. Thus we do not address the issue of whether that portion of Lamar's statements evidencing collateral crimes is admissible under the rule established in Williams v. State, 110 So.2d 654 (Fla. 1959), cert. denied, 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86 (1959). Rather, the issue before us is the more limited question of whether the motion in limine improperly excluded that portion of Lamar's declaration in which he stated "I'll get away with this one" and "I'll beat this one."
Lamar's statements, while not actual "confessions of crime", do constitute "admissions of crime" in the sense that Lamar's guilt could be inferred therefrom. It is well established that "admissions of facts or circumstances from which guilt can be inferred ... are in general admissible in evidence against the party making them... ." Parrish v. State, 90 Fla. 25, 105 So. 130, 133 (1925). See also Hall v. State, 381 So.2d 683, 690 (Fla. 1978) (statement admissible because "jury could reasonably conclude that this statement was evidence of guilty knowledge of appellant"); Nelson v. State, 372 So.2d 949, 950 (Fla. 2d DCA 1979) (statements admissible because "they were in the nature of admissions against interest from which it could be inferred that the crime had been committed"), cert. denied, 396 So.2d 1130 (Fla. 1981). Since the trial court incorrectly allowed the motion in limine to exclude these statements which constitute admissions, we reverse the trial court's order granting Lamar's motion in limine, and remand with instructions to the trial court to redact that portion of Lamar's admission which refers to extraneous crimes.
REVERSED AND REMANDED.