SHEVIN, Judge.
Jimmie Reed Jackson appeals judgments of conviction. We reverse and remand for a new trial holding that the trial court erred in denying Jackson’s motion to exclude statements given to Sergeant Holtz.
Jackson was charged with aggravated battery on a law enforcement officer, aggravated assault on a law enforcement officer, and resisting an officer with violence stemming from the following incident. Miami-Dade Police Department bicycle patrol Officer Robertson alleged that Jackson hit him with a hammer when Jackson came out from a shed where he was hiding. To protect himself, Robertson beat Jackson with an asp — a twenty-one inch retractable baton. Robertson read Jackson his Miranda rights. Because of his injuries, Jackson was not allowed into the station; instead, he was held in the parking lot.
Sargent Holtz approached Jackson in the parking lot to investigate Robertson’s use of force. Holtz did not re-read Jackson his Miranda rights, because he “was not conducting a criminal investigation. [He was] just conducting an administrative report for departmental purposes.” Holtz testified that Jackson was being treated by paramedics for his injuries, and he was hostile, reluctant to speak with Holtz. Holtz had to “urge” Jackson to speak with him. Holtz told Jackson that the questions were not related to the underlying offense, but only to the use-of-force investigation. Jackson responded, “That’s a relief. I’m on probation.” Jackson proceeded to tell Holtz that he was trying to smoke marijuana. Jackson told Holtz he had tossed the marijuana on the roof when he ran from the police. At that point Holtz paused and radioed for the officers who were still at the scene to search the location. Thereafter, Jackson stated to Holtz that he came out of the shed with the hammer because he feared use of police dogs. Jackson filed a motion to suppress these statements. The court denied the motion, and Holtz’s statements were admitted at trial.
The sole issue at trial was whether Jackson committed the aggravated battery, aggravated assault and resisting arrest by striking Robertson with a hammer. Robertson testified that Jackson had a hammer and struck him in the arm. Jackson testified that he fled from the police and hid in a shed to avoid detection. He came out of hiding with his hands up and never had a hammer. A witness saw the officer making striking motions; she did not hear Robertson telling Jackson to throw down a hammer, or anything else — she only heard Jackson’s cries. The jury asked for a magnifying glass to examine the pictures of Robertson’s injury from the hammer. The jury ultimately acquitted Jackson of aggravated battery, finding him guilty of attempted aggravated battery (a lesser included offense), aggravated assault on a law enforcement officer and resisting arrest with violence. Jackson appeals.
We reverse the convictions because the defendant’s motion should have been *934 granted. Holtz’s assurances to Jackson, that he was not investigating the underlying charges, only the use of force, misled Jackson and vitiated the earlier Miranda rights. Cribbs v. State, 378 So.2d 316 (Fla. 1st DCA 1980). The inquiry in this case “turns on the [defendant’s] state of mind, not the investigator’s, and the potential effect on [defendant] of the words used....” D.N. v. State, 529 So.2d 1217, 1223 (Fla. 1st DCA 1988), disapproved on other grounds by State v. G.C., 572 So .2d 1380 (Fla.1991). See Walker v. State, 771 So.2d 573 (Fla. 1st DCA 2000); In Re: K.H., 418 So.2d 1080 (Fla. 4th DCA 1982). The change in Jackson’s demeanor, and immediate co-operation demonstrate he was persuaded by Holtz’s assurances that the underlying crime didn’t interest him. Holtz’s statements were obviously untrue, as Holtz immediately reported the location of the discarded contraband, and the state thereafter introduced Holtz’s testimony at trial. It is clear from the circumstances, that Jackson was deluded as to his true position, and that the representations influenced his decision to speak with Holtz. Holtz’s actions vitiated the Miranda warnings; the subsequent statements should have been excluded.
Reversed and remanded.