430 So.2d 595 (1983)
Carolyn C. SPINNER, a Minor, by and through Her Father and Next Friend, Richard T. SPINNER, and Richard T. Spinner, Individually, Appellants,
v.
Dr. William W. WAINER, Dr. Hugh F. Gardiner and Holy Cross Hospital, Inc., a Florida Corporation D/B/a Holy Cross Hospital, Appellees.
Nos. 81-2416, 82-454.
District Court of Appeal of Florida, Fourth District.
May 4, 1983.
Stephen J. McDonald and Ronald Gossett of Hodges, Gossett, McDonald & Gossett, P.A., Hollywood, for appellants.
Steven Billing of Hainline, Billing, Cochran & Heath, P.A., and Nancy Little Hoffman, Fort Lauderdale, for appellee-Gardiner.
Patrice A. Talisman of Daniels & Hicks, and Mottlau & Wakefield, P.A., Miami, for appellees-Wainer and Holy Cross Hospital.
GLICKSTEIN, Judge.
This is an appeal by a fourteen-year-old, through her father, from a summary final judgment entered in favor of an emergency room doctor and hospital and another summary final judgment entered in favor of a radiologist. We reverse the first and remand for further proceedings but affirm the second.

I
Based on the record before us, had the motion for summary judgment filed by the emergency room doctor and hospital complied with Florida Rule of Civil Procedure 1.510(c),[1] we would have affirmed that *596 judgment as well. However, the motion was woefully deficient[2] and should not have been considered by the trial judge. We recognize that a defective pleading could constitute harmless error, in the absence of manifest injustice, if the defect is overlooked. See Walker v. Walker, 254 So.2d 832 (Fla. 1st DCA 1971). However, counsel for appellants point out that they had the right to believe the trial court would not consider such a defective motion; therefore it was unnecessary to respond on the merits  by affidavit or otherwise. Their client was prejudiced, they maintain, by the trial court's consideration of the motion; and we agree that she could have been, notwithstanding counsel's decision to put all of the client's eggs in one basket.[3] We are particularly loath to overlook the defective motion, because so much effort by members of the Bar and the court goes into the adoption of the Rules of Civil Procedure that it is an anathema, in light of such effort, not to require compliance with them by the remaining members of the Bar.
The prejudice, of course, lies in the fact that the summary judgment was undoubtedly awarded because the record was void of any expert opinion that the negligence of the appellees was the proximate cause of any injury to the child  an essential element of the cause of action.[4]See Salinetro v. Nystrom, 341 So.2d 1059 (Fla. 3d DCA 1977).
Had counsel believed the motion was to be considered on the merits perhaps they would have presented legitimate expert testimony to contradict what is now uncontradicted; although, for all we know, such legitimate expert medical testimony may not be available. Accordingly, while we reverse, we do so without prejudice to these appellees to refile a proper motion for summary judgment.

II
The radiologist's motion for summary judgment complied with Florida Rule of Civil Procedure 1.510(c); and appellant produced absolutely no expert testimony to contradict that which was in the record, *597 although it was incumbent to do so. See Atkins v. Humes, 110 So.2d 663 (Fla. 1959).
DELL and WALDEN, JJ., concur.
NOTES
[1] Florida Rule of Civil Procedure 1.510(c) with its attendant Committee Note, provides:

(c) Motion and Proceedings Thereon. The motion shall state with particularity the grounds upon which it is based and the substantial matters of law to be argued and shall be served at least twenty days before the time fixed for the hearing. The adverse party may serve opposing affidavits prior to the day of hearing. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages. [Emphasis supplied.]
Committee Note
1976 Amendment. Subdivision (c) has been amended to require a movant to state with particularity the grounds and legal authority which he will rely upon in seeking summary judgment. This amendment will eliminate surprise and bring the summary judgment provision in conformity with the identical provision in Rule 1.140(b) with respect to motions to dismiss.
Florida Rule of Civil Procedure 1.140(b), to which the Committee Note refers, provides that the grounds for defenses and the matters of law to be argued "shall be stated specifically and with particularity in the responsive pleading or motion," demonstrating that the Rules require motions to be particular and specific.
[2] The motion was a throwback, merely reciting the legend that "the pleadings, depositions and supporting affidavit show that there are no genuine issues of material fact and that the within defendants are entitled to a Summary Judgment [sic] in their favor as a matter of law." The supporting affidavit referred to an attached report; however, the record reflects the report not to be attached.
[3] The record reflects not only did counsel argue the motion's infirmity before the trial court, he also asked for a continuance, unsuccessfully, when it became apparent that the motion was going to be considered. However, appellants' counsel failed to argue in their brief the refusal of the trial court to grant such continuance.
[4] The deposition of the ear, nose and throat specialist who subsequently operated upon the child is uncontradicted that whatever was or was not done by the two doctors and the hospital after the child's injury had no effect on the child. In his opinion, had he seen the child sooner, he would have performed the same procedure; the optimum results he obtained would have been the same; and any residuals she may have are the result of her injury, not any delay in operating upon her.