433 So.2d 32 (1983)
Bill H. THOMPSON, Appellant,
v.
CITIZENS NATIONAL BANK OF LEESBURG, FLORIDA, et al., Appellees.
No. 82-1274.
District Court of Appeal of Florida, Fifth District.
June 16, 1983.
Betty Lynn Lee of Prominski & Lee, P.A., Weirsdale, for appellant.
Christine K. Bilodeau of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Orlando, for appellee Federal Deposit Ins. Corp.
No appearance for other appellees.
FRANK D. UPCHURCH, Jr., Judge.
Bill Thompson appeals from a final summary judgment in favor of appellee Federal Deposit Insurance Corporation (FDIC). FDIC, as an intervenor, filed a third-party claim against Thompson for damages on a promissory note. Thompson had obtained a loan for an automobile from FDIC's predecessor in interest, Metro Bank. FDIC alleged non-payment and that it had elected to accelerate payment.
In his answer to the third-party claim, Thompson denied there was a valid note and affirmatively alleged payment in full. In support of its motion for summary judgment, FDIC filed an affidavit of James Thompson,[1] who had been employed by FDIC in the capacity of liquidator for Metro *33 Bank. He alleged that he was in custody of the business records of the bank relating to the note and indebtedness and that $7,369.40 remained due. He also stated that Thompson failed to make the payments due July 4, 1981, and thereafter. The affidavit also contained other matters reflecting the history of the transaction.
Thompson moved to strike the affidavit of James Thompson on the ground that the affiant lacked personal knowledge of the matters stated in the affidavit as required by Florida Rule of Civil Procedure 1.510(e). Thompson also filed an affidavit wherein he averred that he had paid off the loan.
The court in entering summary judgment found in part that there was no evidence in the bank records that the balance was paid in cash or otherwise and the bank records contained the original note. The court disregarded Thompson's allegation that he had paid the note because it was uncorroborated. The record does not reflect any requests for admissions or other discovery.
We conclude that summary judgment should not have been entered. The affidavit on behalf of FDIC does not comply with rule 1.510(e) which requires that a supporting affidavit be made on personal knowledge. An affidavit based on information and belief rather than personal knowledge is not admissible into evidence and should not be considered by the trial court on a motion for summary judgment. See, e.g., Campbell v. Salman, 384 So.2d 1331 (Fla. 3d DCA 1980); Silber v. Campus Sweater & Sportswear, 313 So.2d 409 (Fla. 1st DCA 1975); Garwood v. Equitable Life Assurance Society of U.S., 299 So.2d 163 (Fla. 3d DCA 1974). The affiant did not (nor could he) state that he had personal knowledge of the matters contained in Metro's business records, nor that the bank records were complete or correct and were kept under his supervision and control. See § 90.803(6), Fla. Stat. (1981).
Even if the affidavit had been sufficient, Thompson's affidavit that he had paid the note would create an issue for trial. We know of no requirement that the sworn statement of a party be corroborated to create an issue of fact.
REVERSED and REMANDED.
DAUKSCH and COBB, JJ., concur.
NOTES
[1] No connection with Bill Thompson.