447 So.2d 369 (1984)
Susie O'QUINN, Appellant,
v.
SEIBELS, BRUCE & COMPANY, a South Carolina Corporation, Appellee.
No. AT-328.
District Court of Appeal of Florida, First District.
March 13, 1984.
Robert J. Denson of Stripling & Denson, P.A., Gainesville, for appellant.
William T. Stone of Cowles, Coker, Myers, Schickel & Pierce, Jacksonville, for appellee.
ERVIN, Chief Judge.
Appellant, O'Quinn, appeals a final summary judgment entered in favor of appellee, Seibels, Bruce & Company (Seibels), in an action for personal injury protection *370 benefits filed against the insurer of the driver of an automobile in which appellant was a passenger at the time of her accidental injuries,[1] contending summary judgment was improvidently granted where genuine issues of material fact remain in dispute. We agree and reverse.
The facts, considered as they must be in the light most favorable to O'Quinn, the non-moving party, see Megdell v. Wieder, 327 So.2d 781 (Fla. 3d DCA 1976), show that following the accident in February of 1981, O'Quinn was treated and released at St. Luke's Hospital in Jacksonville. Emergency room records reflect that she suffered tenderness of the neck "in all directions." (e.s.) When seen by Dr. Dyer in March of 1981, she complained of continuous neck pain in the right side of her neck. O'Quinn failed to return to Dr. Dyer for treatment until June of 1982 at which time she related symptoms of pain in her left neck and shoulder. Seibels, which paid personal injury protection benefits to O'Quinn in 1981 for injuries sustained in the accident, refused to pay for the later medical treatment, contending that O'Quinn's complaints were unconnected with the accident. O'Quinn then filed a complaint seeking benefits under the insurance policy, and Seibels sought summary judgment on her claim. In support thereof, Seibels deposed Dr. Dyer who stated that on her first visit in March of 1981, O'Quinn reported "an aching pain at the base of the neck primarily on the right side." Because her first complaint of pain in her left neck and shoulder occurred some fifteen months later, Dr. Dyer opined it was very unlikely that the later complaints were causally related to the accident of February, 1981.
In opposition to summary judgment, O'Quinn offered two affidavits,[2] the first stating that she had experienced generalized neck and shoulder pain following the accident, including pain on the left side of her neck and shoulder. The second, that of a registered nurse and certified emergency medical technician, recited that the nurse had reviewed the emergency room records and, based on her experience in deciphering and interpreting hospital and physician's reports, she opined that the report of neck tenderness in all directions supported O'Quinn's claim that she had experienced left side pain following the accident in 1981. On that record[3] the trial court granted Seibel's motion for summary judgment.
*371 In considering a motion for summary judgment, it is axiomatic that "every reasonable inference must be drawn in favor of the party against whom the motion is made." Manucy v. Manucy, 362 So.2d 478, 479 (Fla. 1st DCA 1978). "Where the evidence before the trial court is susceptible of more than one inference, one of which will support the plaintiff's view of the facts, a summary judgment for the defendant should not be entered." Burkett v. Parker, 410 So.2d 947, 948 (Fla. 1st DCA 1982). A summary judgment is appropriate only when "the facts are so crystallized that nothing remains but questions of law" and there is not the "slightest doubt" as to any issue of material fact. Harris v. Lewis State Bank, 436 So.2d 338, 340 (Fla. 1st DCA 1983). Here, a clear and material factual dispute remains as to whether O'Quinn suffered both right and left side neck pain following the accident of February 1981. Because summary judgment was therefore premature the judgment is
REVERSED.
BOOTH and ZEHMER, JJ., concur.
NOTES
[1] Appellant would appear to be an "omnibus insured" under the terms of the policy in that the policy agrees to pay personal injury protection benefits to any person occupying the insured vehicle who sustains accidental injury while within the vehicle. See Tracey v. Florida Insurance Guaranty Ass'n., 427 So.2d 194 (Fla. 1983); Vaughan v. Progressive American Insurance Co., 435 So.2d 889 (Fla. 1st DCA 1983).
[2] Seibels contends, for various reasons, that the affidavits submitted by O'Quinn were inadmissible, and therefore improperly considered by the trial court. As with other evidentiary matters, the admission and consideration of affidavits is a matter within the sound discretion of the trial court, and no error may be predicated on such admission absent a timely objection or motion to strike. See Section 90.104(1)(a), Florida Statutes. The failure to object contemporaneously to such admission constitutes "a waiver of the right to appellate review of the issue." DeLuca v. State, 384 So.2d 212, 213 (Fla. 4th DCA 1980). Because the record in this case fails to show that Seibels made any attempt to strike the affidavits or to object to their admission and consideration, we decline to consider the propriety of their admissions.
[3] During Dr. Dyer's deposition he was asked whether O'Quinn had ever related a history of a work-related accident in August of 1981 in which she allegedly lifted a container of syrup and experienced additional left shoulder and neck pain for which she sought treatment from her family doctor on three or four occasions. Dr. Dyer responded that he specifically asked her if she had sustained any other injury or sought other treatment during the time between her first visit in March of 1981 and June of 1982, and that O'Quinn denied any such injury or treatment. Dr. Dyer was then asked to assume that such events had occurred and he replied that, given that assumption, the left side pain was caused by the work-related accident and not by the automobile accident. The difficulty with such assumption is that, other than unsubstantiated references by the attorneys during deposition to a prior statement given by O'Quinn, there is nothing in the record supporting the assumption and therefore it cannot serve as a basis for summary judgment.