# HERRIN d/b/a THE GIVING TREE v HERNANDO PLAZA LIMITED

## Case No. 85-0177-CA-01

Fifth Judicial Circuit, Hernando County

November 6, 1985

### APPEARANCES OF COUNSEL

**Ray Shaw,** for appellant.

**David C. Sasser,** for appellee.

Before AULLS, LOCKETT, ANGEL, JJ.

### OPINION OF THE COURT

ERNEST C. AULLS, JR, Circuit Judge.

Appellant, defendant below, appeals on an order granting appellee's, plaintiff below, motion for summary judgment.

The facts pertinent to this appeal are as follows:

On October 19, 1984, the appellees filed a suit in County Court in Hernando County seeking damages against the appellant for nonpayment of rent. On November 13, 1984, the appellant filed its answer raising the issue of fact as to whether the appellant had paid the rent. On December 18, 1984, the appellee filed what purported to be a motion for summary judgment pursuant to Rule 1.510, Florida Rules of Civil Procedure. On January 10, 1985, the appellant filed a motion

to strike attacking the legal sufficiency of the appellee's motion for summary judgment. On January 18, 1985, at the hearing on the appellee's motion, the appellant filed its "affidavit in opposition to plaintiff's claim." On January 25, 1985, the judge entered an order granting the appellee's motion for summary judgment, denying the appellant's motion to strike the striking the appellant's affidavit as untimely filed.

Appellant raises five points on appeal. Point I addresses the legal sufficiency of the motion for summary judgment in the face of a motion to strike.

The motion reads as follows:

## MOTION

The Plaintiff, HERNANDO PLAZA LIMITED, moves the court to enter summary judgment for Plaintiff, in accordance with Rule 1.510 of the Florida Rules of Civil Procedure, on the ground that the pleadings and affidavit hereto attached, and marked Exhibit A, show that there is no genuine issue of any material fact and the Plaintiff is entitled to judgment as a matter of law. (Record on Appeal)

Rule 1.510(c), Florida Rules of Civil Procedure reads in part; "The motion shall state with particularity the grounds upon which it is based and the substantial matters of law to be argued and shall be served at least twenty days before the time fixed for hearing." Appellee's motion does not purport to comply with the requirements of the above cited rule.

We concur with appellant's arguments as to Point I on appeal under the authority and rationale of *Spinner v Wainer,* 430 So.2d 595 (4th DCA 1983). This being dispositive of the appeal, we will not address the remaining points on appeal.

The order appealed from is reversed and the matter remanded for further proceedings not inconsistent herewith.

Concur: Lockett, Angel, JJ.