489 So.2d 221 (1986)
Ronald R. SCOTT, Appellant,
v.
NCNB NATIONAL BANK OF FLORIDA, a National Banking Association, Appellee.
No. 85-1913.
District Court of Appeal of Florida, Second District.
June 4, 1986.
*222 Robert C. Widman and Michael A. Connolly of Nelson, Hesse, Cyril, Smith, Widman & Herb, Sarasota, for appellant.
Thomas P. McLennon of Wellbaum & McLennon, P.A., Englewood, for appellee.
HALL, Judge.
Ronald R. Scott appeals a final summary judgment in an action filed by NCNB National Bank (NCNB) for payment of a promissory note.
In its initial complaint, NCNB alleged that it was the holder in due course of a promissory note issued by Scott and that payment in full was presently due and owing. Scott answered by asserting the affirmative defenses of mutual mistake and failure of consideration. NCNB then filed a motion for summary judgment, with a supporting affidavit, "upon the grounds that the pleadings and affidavit on file show that there is no genuine issue as to any material fact and that the Plaintiff, NCNB National Bank of Florida, is entitled to a judgment in its favor as a matter of law." Scott responded with an affidavit in which he further explained his affirmative defenses. The trial court subsequently granted NCNB's motion and entered summary judgment in its favor.
In this appeal Scott argues that the summary judgment should be reversed first because NCNB's motion therefor did not comply with Florida Rule of Civil Procedure 1.510(c) in that it failed to state with particularity the grounds upon which it was based and, second, because the affidavit filed in support of the motion failed to comply with Florida Rule of Civil Procedure 1.510(e).
As support for his first argument Scott cites Spinner v. Wainer, 430 So.2d 595 (Fla. 4th DCA 1983). In that case the Fourth District reversed a summary judgment which had been granted pursuant to a motion virtually identical to NCNB's motion on the ground that its compliance with Rule 1.510(c) was woefully deficient. However, the Fourth District did note that "a defective pleading could constitute harmless error, in the absence of manifest injustice, if the defect is overlooked." Id. at 596. The Fourth District refused to overlook Wainer's defective motion because it agreed with Spinner that he "had the right to believe the trial court would not consider the defective motion; therefore it was unnecessary to respond on the merits  by affidavit or otherwise." Id. at 596.
Spinner is inapplicable to the case at bar because Scott did respond to NCNB's motion. Therefore, he must have held some belief that the trial court would hear that motion. Nevertheless, Scott was not prejudiced, *223 as was Spinner, by the trial court's consideration of the motion without benefit of an opposing argument.
Scott also argues that as a result of NCNB's non-compliance with Rule 1.510(c) he had no notice of the areas of law NCNB would argue at the hearing on the motion. Again, the fact that Scott responded to NCNB's motion, to which was attached an affidavit asserting that NCNB was the holder in due course of Scott's note, belies that argument. See Burns v. Consolidated American Insurance Co., 359 So.2d 1203 (Fla. 3d DCA 1978) (as purpose of Florida Rule of Civil Procedure 1.510(c) is to put opposing party on notice of grounds which will be asserted against him, insufficiency of motion for summary judgment was harmless error where plaintiff was aware of the grounds therefor before motion was decided).
In further support of his assertion of being unfairly surprised, Scott's counsel argued at oral argument that as a result of his having been substituted for Scott's original counsel he had only two days' notice of NCNB's holder in due course defense. This argument is belied by the fact that counsel signed the certificate of service of Scott's response to NCNB's motion, and the order substituting him as counsel was filed approximately two days after that response was filed. The summary judgment was entered approximately three weeks later. Accordingly, this argument of unfair surprise by counsel is completely without foundation.
As support for his second argument, Scott cites Thompson v. Citizens National Bank, 433 So.2d 32 (Fla. 5th DCA 1983). That case involved the filing by the Federal Deposit Insurance Corporation (FDIC) of a third-party complaint for damages for nonpayment of a promissory note against Thompson. Thompson denied the validity of the note and affirmatively alleged payment in full. The FDIC then filed a motion for summary judgment with a supporting affidavit by the liquidator of its predecessor-in-interest, Metro Bank. The liquidator alleged that he had custody of the bank's business records relating to the note and that Thompson had failed to make payments on the note. Thompson filed a motion to strike the affidavit on the ground that the affiant lacked personal knowledge of the matters stated therein. Thompson also filed an affidavit averring that he had paid the note in full. The trial court entered summary judgment in favor of the FDIC on the basis of its finding that the bank records contained no evidence of payment of the balance of the note. The Fifth District reversed the summary judgment on the ground that the liquidator's affidavit was not based on personal knowledge as required by Florida Rule of Civil Procedure 1.510(e).
We are not persuaded to follow Thompson because there is a critical distinction between it and the instant case. In Thompson the appellant filed a motion to strike the affidavit filed in support of the motion for summary judgment. In the instant case, Scott did not file such a motion. "As with other evidentiary matters, the admission and consideration of affidavits is a matter within the sound discretion of the trial court, and no error may be predicated on such admission absent a timely objection or motion to strike." O'Quinn v. Seibels, Bruce & Co., 447 So.2d 369, 370 n. 2 (Fla. 1st DCA 1984). Because the record shows no objection by Scott to the affidavits about which he now complains, we decline to review their sufficiency.
We further note that appellant failed to file any affidavits that dispute the fact that the note has not been paid or that appellee is a holder in due course.
For the reasons explained above, we hold that the insufficiency of NCNB's motion for summary judgment was harmless error, and we affirm the summary judgment.
FRANK, Acting C.J., and SANDERLIN, J., concur.