HARRIS, Judge.
Jacquelyn Wambles and her husband, Billy, appeal from a summary judgment entered against them in their personal injury action. Finding no error, we affirm.
On November 15, 1985, Jacquelyn Wam-bles was injured while working in a commercial building built by appellee Amrep Construction Corporation on property owned by appellee Amrep Southeast, Inc. The building had been completed and leased to Philips Industries, Inc. and possession had been taken prior to June 1, 1970.
Appellees moved for summary judgment on the basis of Section 95.11(3)(c), Florida Statutes which provides:
In any event, the action must be commenced within 15 years after the date of actual possession by the owner, the date of the issuance of a certificate of occupancy, the date of abandonment of construction if not completed, or the date of completion or termination of the contract between the professional engineer, registered architect, or licensed contractor and his employer, whichever date is latest.
Appellees submitted an affidavit in support of their motion signed by Clyde Larra-more stating:
*126 1. That he was an officer of appellee and authorized to make the statement;
2. That he was vice president of the owner at the time of construction, was thoroughly familiar with the events, and the statement was made from personal knowledge;
3. That the building was completed, leased and occupied prior to June 1, 1970; and
4. That a certificate of occupancy had been issued prior to that time.
Appellants filed a counter-affidavit signed by Clarence Hutchinson stating that he was an employee of Marion County Building and Zoning Department and that after a search of the records he could find no evidence that the certificate of occupancy was ever issued.
Because Mr. Hutchinson’s affidavit failed to state that such records would normally be kept and, if kept, maintained for over 15 years, this negative testimony is insufficient to overcome the positive testimony that “on personal knowledge” the certificate of occupancy was issued prior to June 1, 1970. Indeed the most that could be inferred from Mr. Hutchinson’s affidavit, if we assume such records were kept and maintained, is that the certificate of occupancy never issued. In such case, instead of extending indefinitely the statute of limitations, we hold that the latest date of the statutory listed incidents which did occur would control.
It is argued that the Larramore affidavit was also insufficient because it failed to lay the proper predicate to show what personal knowledge Larramore had to justify his statement that the certificate of occupancy was issued prior to June 1, 1970. For example, was it delivered to him or did he see it in the corporate file? Or did someone merely tell him that the certificate had issued? The answer is that the sufficiency of the affidavit in this regard was not raised before the trial court and is now barred on appeal. E.J. Assoc. v. J.E. & A. Price Foundation, 515 So.2d 763 (Fla. 2d DCA 1987); Scott v. NCNB National Bank of Florida, 489 So.2d 221 (Fla. 2d DCA 1986); O’Quinn v. Seibels, Bruce & Co., 447 So.2d 369 (Fla. 1st DCA 1984).
AFFIRMED.
COBB and GOSHORN, JJ., concur.