FEDER, RICHARD Y., Associate Judge.
West Town Plaza Associates, Ltd. timely appeals from the final summary judgment granted to Pines Properties, Inc. and the intervenor, Wal-Mart Stores, Inc.
The factual background arises out of an original 1972 lease from Folmar to F.W. *478 Woolworth Co. for space in a shopping mall. The lease provided for an increased rental based on sales over eight million dollars annually. There was an escape hatch if Woolworth notified the landlord of its interest to discontinue operation of the store which would trigger a 120 day option for the landlord to cancel and terminate the lease or, on failure to do so, the tenant would be relieved of the percentage of sales clause. There was also a provision of waiver of back rent if no demand for one year after due.
Complications ensued when there were changes in both landlord and tenant and a conditional assignment of leases to a mortgagee, First National, and later to its as-signee, Equitable Life. The “condition” of the assignment was that so long as the assignor was not in default, the assignor could continue to collect rents. Equitable Life duly notified the tenants of this assignment and condition. No default on the mortgage ever occurred.
There were various links in the chain of ownership of the premises from 1972 until September, 1982 when Woolworth sent the crucial letter to an HFA Property Management in Dallas, Texas, as shown by the letter in question and a certified mail receipt, both of which were attached as exhibits to affidavits accompanying the motion for summary judgment. One of the issues on appeal concerns the efficacy of the receiver of the letter.
Needless to say, no response was received by Woolworth and Woolworth discontinued operations and subleased to Wal-Mart. Four years later Woolworth sold its sublease with Wal-Mart to Pines Properties. All during this period, Wal-Mart paid rent to Woolworth and Woolworth in turn paid its rent to the various owners in the chain of title.
After the sale of the sublease to Pines, West Town made demand for the percentage escalation in the original lease signed 17 years earlier.
At the summary judgment hearing there were no facts raised by West Town. Following the granting of the summary, West Town raised technical objections to the affidavits filed by Wal-Mart and Pines which were never raised prior to or at the hearing.
The position of appellant is that the letter notice from Woolworth was never sent to Equitable as required by the conditional assignment of the lease from the original lessor, Folmar. Further, “HFA Management” was not established appropriately by the affidavits as the agent for the landlord “Bessemer,” nor that the affidavits established appropriately that “Bessemer” was the then landlord.
There was no requirement that the notice letter be sent to the mortgagee Equitable. Although on notice of the conditional assignment, Woolworth was never notified of the triggering mechanism of default by the mortgagee Folmar. The trial court was eminently correct in finding that “[t]he Assignment did not affect Woolworth’s right to notify the Landlord of its intention to discontinue the store’s operation. It merely required the Landlord to get the Mortgagee’s approval before terminating the Lease.” See F. W Woolworth v. Buford-Clairmont Co., 769 F.2d 1548 (11th Cir.1985).
As to the sufficiency of the affidavits, the affidavit of John M. Tascione established his position as manager of corporate real estate for Woolworth, that the written notice was sent September, 1982 to “The then Landlord, Bessemer Key West Limited Partnership. The notice was sent in care of the Landlord’s designated Agent, HFA Management Company....”
West Plaza now attacks this statement on the ground that no predicate was laid for this conclusion.
“A factual basis for the affiant’s knowledge need not be set out where the affiant is shown to be in a position where he would necessarily possess the knowledge.” Carter v. Cessna Fin. Corp., 498 So.2d 1319 (Fla. 4th DCA 1986).
Mr. Tascione’s position to know the facts about which he attested were contained in the affidavit. In any event, ruling on the admission or consideration of *479 affidavits is a matter within the trial court’s sound discretion and error may not be based on such admission without having made a motion to strike the affidavit pre-hearing or timely objecting. O’Quinn v. Seibels, Bruce & Co., 447 So.2d 369, 370 (Fla. 1st DCA 1984); Scott v. NCNB Nat. Bank of Fla., 489 So.2d 221 (Fla. 2d DCA 1986).
Appellant did neither, and cannot now complain of such admission. DeLuca v. State, 384 So.2d 212 (Fla. 4th DCA), rev. denied, 389 So.2d 1108 (Fla.1980).
All other points on appeal are without merit.
WARNER and POLEN, JJ., concur.