WARNER, J.
 

 After failing to answer the appellee’s complaint to foreclose the mortgage on her home and having a default judgment of foreclosure rendered, appellant moved for relief from judgment pursuant to Florida Rule of Civil Procedure 1.540(b). She claimed that the affidavit of indebtedness attesting to the amounts due on the mortgage and note was not made on the personal knowledge of the affiant. The trial court denied relief, and we affirm.
 

 In November 2007, Deutsche Bank brought a foreclosure action against the homeowner, Veldrin Freemon, and others with a potential interest in the property, alleging that Freemon was in default and owed in excess of $570,000 on the mortgage note. Freemon did not answer the complaint or file any other responsive
 
 *1204
 
 pleading, and a default was entered against her in March 2008.
 

 Subsequently, the Bank moved for summary judgment, attaching an affidavit of indebtedness, which was served on Freem-on. The affidavit was executed by Denise Bailey, who attested to the amounts due and owing under the loan. Bailey is an assistant secretary of Litton Loan Servicing, the company that serviced Freemon’s loan. In the affidavit, Bailey stated that she was familiar with the books and accounts of Litton and specifically had personal knowledge of the sums due on the mortgage loan. The affidavit set forth the unpaid balance, interest, and other charges. The trial court entered summary judgment in October 2008, using the amounts contained in the affidavit as the amounts due and owing on the mortgage note. It set a foreclosure sale for December 30, 2008.
 

 In December 2008, prior to the sale date, Freemon filed a motion for relief from judgment. As a result, the court cancelled the foreclosure sale. Six months later, when the parties could not arrive at any agreement, the court reset the sale for September 2009. The Bank was the sole bidder and obtained title to the property.
 

 When the Bank moved for a writ of possession, Freemon again moved for relief from the judgment, this time asserting that the affidavit in support of the motion for summary judgment was fraudulent. She based this claim on a deposition that her attorneys took of Bailey in connection with a different mortgage foreclosure involving a different bank. Freemon alleged that Ms. Bailey relies upon attorneys to draft the form affidavits in foreclosure cases, fails to understand most of the language in the affidavits she signs, and routinely signs these affidavits without personal knowledge of the facts stated therein. Freemon attached a copy of the deposition to the motion. The court reviewed the motion, the deposition, and the record, and denied it as legally insufficient. Freemon appeals.
 

 Florida Rule of Civil Procedure 1.540(b) sets forth several grounds upon which a court may relieve a party from a final judgment. One such ground is “fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party.” Fla. R. Civ. P. 1.540(b)(3). Because a trial court is accorded broad discretion in determining rule 1.540(b) motions,
 
 see Crowley v. Crowley,
 
 678 So.2d 435, 438 (Fla. 4th DCA 1996), the standard of review of an order on a rule 1.540(b) motion for relief from judgment is whether there has been an abuse of the trial court’s discretion.
 
 J.J.K. Int'l, Inc. v. Shivbaran,
 
 985 So.2d 66, 68 (Fla. 4th DCA 2008).
 

 To entitle a movant to an eviden-tiary hearing on a motion for relief from judgment, a rule 1.540(b)(3) motion must specify the fraud with particularity and explain why the fraud, if it exists, would entitle the movant to have the judgment set aside.
 
 Flemenbaum v. Flemenbaum,
 
 636 So.2d 579, 580 (Fla. 4th DCA 1994). “If a motion does not set forth a basis for relief on its face, then an evidentiary hearing is unnecessary, the time and expense of needless litigation is avoided, and the policy of preserving the finality of judgments is enhanced.”
 
 Coleman (Parent) Holdings, Inc. v. Morgan Stanley & Co.,
 
 20 So.3d 952, 955 (Fla. 4th DCA 2009). The matter alleged must affect the outcome of the case and not merely be “de minimis.”
 
 Id.
 
 Thus, to obtain a hearing on a rule 1.540(b)(3) motion, the law requires a movant “to demonstrate a prima facie case of fraud, not just nibble at the edges of the concept.”
 
 Hembd v. Dauria,
 
 859 So.2d 1238, 1240 (Fla. 4th DCA 2003).
 

 
 *1205
 
 Freemon’s motion does not demonstrate fraud or show why any of the alleged facts would entitle her to relief sufficient to set aside a default judgment. Freemon nowhere contends that she did not default on her mortgage, nor does she allege that the amounts due and owing, set forth in the affidavit and incorporated in the final judgment, are incorrect. Indeed, Freemon has not specifically alleged any fraud in connection with Ms. Bailey’s statements
 
 in this affidavit
 
 regarding the amount due. Freemon merely alleges that Bailey claimed personal knowledge of the matters in the affidavit, even though Bailey admitted in her deposition in different case that she did not know who inputted information into the computer regarding the loan in question in that case.
 

 We disagree with Freemon’s characterization of Bailey’s affidavit and of Bailey’s testimony. In her affidavit, she attested that she was familiar with the books, records, and accounts kept by Litton, and those books, records, and accounts are kept in the regular course of business of Litton. Those records “are made at or near the time by, and from information transmitted by, persons with personal knowledge of the facts, such as your Affi-ant.” She did not attest that she personally made all the entries for any particular mortgage. Specifically, she attested that she had personal knowledge of the amounts and charges due. In her deposition in another case, she testified that she was the records custodian for Litton Loan. In signing the affidavits of indebtedness, she acquires her knowledge of the amounts due by inputting the mortgagor’s name into the computer which contains all of the mortgage information. The computer then provides her with the amount of the outstanding mortgage, interest, and charges. Bailey’s affidavit in this case is not inconsistent with her testimony in the other case. Freemon has not shown any fraud, nor has she shown that the information about this loan, i.e., the amounts due and the default, are in any way incorrect.
 

 For the first time on appeal, Freemon contends that Bailey’s affidavit was insufficient to satisfy the requirements for admissibility under the business records exception to the hearsay rule, section 90.808(6), Florida Statutes. That specific argument was not preserved for appellate review.
 
 See, e.g., Tillman v. State,
 
 471 So.2d 32, 35 (Fla.1985) (“In order to be preserved for further review by a higher court, an issue must be presented to' the lower court and the specific legal argument or ground to be argued on appeal or review must be part of that presentation if it is to be considered preserved.”).
 

 For these reasons, we affirm the trial court’s order summarily denying the motion for relief from final judgment.
 

 POLEN and LEVINE, JJ., concur.