RAMIREZ, J.
U.S. Bank National Association, as Trustee for SASCO 2007-WF2, appeals from a post-foreclosure judgment and foreclosure sale order staying execution of a writ of possession, and an order continuing the stay and permitting limited discovery.
On February 27, 2009, U.S. Bank filed its complaint for foreclosure and to reestablish lost note against the appellees, Rosa Paiz and Rigoberto Paiz. On March 10, 2009, U.S. Bank effectuated service of process on them. Paiz failed to respond. On December 19, 2009, U.S. Bank served Paiz with its motion for summary judgment. In the motion, U.S. Bank stated that it would present the original note at the hearing on the motion. An Affidavit as to reasonable attorneys fees, executed by Lisa Cullaro on December 9, 2009, and the affidavit of plaintiffs’ counsel as to attorneys fees and costs, executed by William Malone on December 17, 2009, were attached as exhibits to the motion.
On January 27, 2010, U.S. Bank filed an affidavit of amounts due and owing, executed by China Brown on March 25, 2009. On February 23, 2010, U.S. Bank filed a new affidavit of amounts due and owing, executed by Herman John Kennerty on February 16, 2010, setting forth the amounts then due under the note and mortgage. On March 10, 2011, U.S. Bank filed a third affidavit of amounts due and owing, executed by Herman John Kennerty on February 26, 2010, setting forth the amounts currently due and owing under the note and mortgage.
U.S. Bank thereafter voluntarily dismissed its count to re-establish a lost note. The hearing on the motion for summary judgment was set for and heard by the trial court as scheduled on April 27, 2010. U.S. Bank filed the original note the same day. Following the hearing, final judgment was entered in favor of U.S. Bank.
Pursuant to the final judgment, the foreclosure sale was set for and held approximately four months later, on August 6, 2010. The property was sold at the sale and the clerk filed the Certificate of Sale *942 on August 11, 2010, and a Certificate of Title on August 25, 2010.
On October 8, 2010, U.S. Bank filed a motion for writ of possession. The hearing on the motion was set for and heard on January 18, 2011. The court entered an order on the writ of possession the same day.
On February 1, 2011, nearly two years after being served with process, ten months after the final judgment of foreclosure was entered, more than five months after the property was sold and on the eve of eviction, Paiz filed an unsworn Florida Rule of Civil Procedure 1.540(b) motion to vacate the final judgment. The only basis for the motion was the assertion by Paiz’s counsel that SASCO 2007-WF-2, the trust for which U.S. Bank was trustee, did not exist. The hearing on Paiz’s motion was set for and heard on February 15, 2011. On February 28, 2011, the trial court rendered an order staying execution of writ of possession and setting a new hearing date of March 9,2011, on Paiz’s motion.
Immediately before the March 9, 2011, hearing, Paiz filed An Amended Motion To Set Aside the judgment. The amended motion incorrectly asserted that the affidavit as to amounts due and owing executed by Herman John Kennerty on February 16, 2010, was fraudulent because it was filed on January 27, 2010. Paiz also asserted that Kennerty committed fraud in that he did not have personal knowledge of the amounts due and owing as stated in the affidavit. Paiz’s amended motion did not assert that any of the information in the affidavit — such as their default or the amounts due and owing as stated in the affidavit — was incorrect. The motion did not allege with any specificity any facts showing fraud occurred in this case. Instead, Paiz suggested, based on statements made by the affiant in a deposition in an unrelated action in the State of Washington that the affidavit may not have been made on personal knowledge.
In the amended motion to set aside the judgment, Paiz also asserted that Lisa Cullaro, the person who signed the affidavit of reasonable fees, committed fraud because she executed the Affidavit on December 9, 2009, one week before William Malone, U.S. Bank’s foreclosure counsel, prepared his affidavit as to attorneys’ fees. However, Cullaro did not state in her affidavit that she reviewed the fee affidavit. Paiz also asserted that Cullaro’s affidavit “[w]as probably executed in the complete absence of any review whatsoever” by attempting to bootstrap the admitted misrepresentations contained in affidavits as to amounts due and owing executed by a different attorney between 1997 and 2002, where he stated that he had reviewed the foreclosure attorney’s files and time records when he had not done so. In the amended motion, Paiz also belatedly asserted that that U.S. Bank violated Florida Rule of Civil Procedure 1.510 by failing to file the original note until the date of the hearing on the motion for summary judgment.
At the March 9, 2011, hearing, the trial court reserved ruling on Paiz’s motion, finding that U.S. Bank had not been given sufficient notice of Paiz’s amended motion. The court scheduled an additional hearing for March 15, 2011. In the meantime, U.S. Bank filed its response to Paiz’s motions and also filed portions of the Pooling & Servicing Agreement, demonstrating the existence of the trust and its authority to enforce the mortgage and note, which was endorsed in blank and which was in U.S. Bank’s possession at the time it filed the foreclosure action.
Over U.S. Bank’s objections, Paiz’s counsel also raised for the first time “additional defects” in the affidavits of the amounts due and owing. That is, the first *943 affidavit signed by China Brown said the interest rate (6.875%) per diem was $84.55, but Kennerty’s subsequent affidavits stated it was $28.65. Paiz’s counsel admitted that she did not calculate the numbers to determine whether the per diem was correct. Paiz did not offer any evidence or sworn affidavits to support counsel’s belated and unconfirmed assertions or to explain how her client was prejudiced by the later affidavit which showed a lower amount due.
On March 16, 2011, the trial court entered an order granting Paiz’s motion in part, which continued the stay of execution and permits Paiz to take the deposition of Kennerty. U.S. Bank appeals from the order rendered February 28, 2011, staying execution of the writ of possession and from the March 16, 2011, order granting Paiz limited discovery and continuing the stay of execution.
Because the order under review was erroneous as a matter of law, our review is de novo. See Mourning v. Ballast Nedam Constr., Inc., 964 So.2d 889, 892 (Fla. 4th DCA 2007) (normally a court’s ruling on a rule 1.540 motion is for abuse of discretion, however, where there is no factual dispute upon which the trial court based its determination to vacate the judgment the order is reviewed de novo).
“Rule 1.540 is designed for the correction of clerical mistakes and to provide a mechanism for relief from judgments, decrees, orders and proceedings under certain articulated and limited circumstances. It is not a substitute for a timely appeal.” Beal Bank, S.S.B., Inc. v. Sherwin, 829 So.2d 961, 962 (Fla. 4th DCA 2002). See also Rutshaw v. Arakas, 549 So.2d 769, 770 (Fla. 3d DCA 1989) (“It is well settled that a 1.540 motion cannot be employed as a substitute for a timely appeal, much less for a timely preservation of error in the underlying action itself.”); Metro. Dade Cnty. v. Certain Lands Upon Which Assessments Are Delinquent, 471 So.2d 191, 193 (Fla. 3d DCA 1985) (“Rule 1.540 ... was not intended to serve as a substitute for relief available under Rule 1.530 or as a substitute for appellate review of judicial error.”).
Here, summary judgment was granted and the final judgment rendered on April 27, 2010. All the affidavits Paiz now seeks to challenge were served long before the final judgment was entered. U.S. Bank filed its motion for summary judgment five months before ifiwas granted. Yet Paiz never objected to the motion for summary judgment, never objected to U.S. Bank filing the original note on the day of the hearing on the motion, did not challenge the affidavits or note or U.S. Bank’s standing to bring this action or attempt to conduct any discovery. Paiz did not file any evidence to rebut the evidence filed by U.S. Bank. Nor did Paiz seek rehearing of the judgment or appeal the final judgment. It was not until January 31, 2011, over nine months after the final judgment was entered, five months after the property was sold at a judicially noticed auction and on the eve of their eviction, that Paiz moved to set aside the final judgment and to set aside the foreclosure sale. All of Paiz’s complaints could have and should have been raised in the pleadings or at the hearing on the motion for summary judgment. We previously have reviewed the legal sufficiency of claims that the mortgagee overstated the amount due on a mortgage under a motion filed pursuant to rule 1.540. In Herrick v. Southeast Bank, N.A., 512 So.2d 1029, 1030 (Fla. 3d DCA 1987), we stated that the rule required fraud or misrepresentation, not an arguable miscalculation. And in Freemon v. Deutsche Bank Trust Co. Ams., 46 So.3d 1202, 1205 (Fla. 4th DCA 2010), the court stated that the rule re *944 quired that fraud be specified with particularity and, if it exists, how it would entitle the defendants to have the judgment set aside:
To entitle a movant to an evidentiary hearing on a motion for relief from judgment, a rule 1.540(b)(3) motion must specify the fraud with particularity and explain why the fraud, if it exists, would entitle the movant to have the judgment set aside. Flemenbaum v. Flemenbaum, 636 So.2d 579, 580 (Fla. 4th DCA 1994). “If a motion does not set forth a basis for relief on its face, then an evi-dentiary hearing is unnecessary, the time and expense of needless litigation is avoided, and the policy of preserving the finality of judgments is enhanced.” Coleman (Parent) Holdings, Inc. v. Morgan Stanley & Co., 20 So.3d 952, 955 (Fla. 4th DCA 2009). The matter alleged must affect the outcome of the case and not merely be “de minimis.” Id. Thus, to obtain a hearing on a rule 1.540(b)(3) motion, the law requires a movant “to demonstrate a prima facie case of fraud, not just nibble at the edges of the concept.” Hembd v. Dauria, 859 So.2d 1238, 1240 (Fla. 4th DCA 2003).
This case is a prime example of allegations that nibble at the edges of fraud. Because the defendants did not raise a legally sufficient motion to justify an evi-dentiary hearing, a fortioñ there is no justification for the order rendered February 28, 2011, Staying Execution of Writ of Possession and the order entered March 16, 2011, Granting Defendants Limited Discovery and Continuing Stay of Execution.
We therefore reverse the orders under review and remand with instructions to allow the writ of possession to take effect.
Reversed and remanded with instructions.