DAMOORGIAN, J.
Margarette R. Vilvar appeals a non-final order denying her motion to vacate an amended final summary judgment of foreclosure. Concluding that Vilvar’s claims have no merit, we affirm and write only to address the insufficiency of the allegations of fraud and misrepresentation contained in Vilvar’s motion to vacate.
The underlying foreclosure action was commenced five years ago when Vilvar failed to pay her mortgage.[1] Soon after filing the foreclosure action, Deutsche Bank (“the bank”) obtained a final judgment against Vilvar. Thereafter, Vilvar filed a petition in bankruptcy, which was later dismissed. The bank then moved to amend the final judgment to include additional sums due. In support of its motion, the bank filed an affidavit from Lonna Cross, the assistant vice president of Saxon Mortgage Services, Inc. (“Saxon”), the entity that serviced the loan. The motion was granted and an amended final judgment was entered.
One day before the foreclosure sale was to have occurred, Vilvar filed a second petition in bankruptcy, which was also later dismissed. The sale was re-scheduled, but one week before the sale, Vilvar filed a motion to vacate the amended final judgment pursuant to Florida Rule of Civil Procedure 1.540(b). In her motion, Vilvar alleged that Cross’s affidavit “was inaccurate and constituted hearsay” and it “failed to include sworn or certified copies of the very business records upon which” Cross relied. The motion was denied and this appeal followed.
The standard of review of an order on a rule 1.540(b) motion is whether there has been an abuse of discretion. J.J.K. Int’l, Inc. v. Shivbaran, 985 So.2d 66, 68 (Fla. 4th DCA 2008) (citing Snipes v. Chase Manhattan Mortg. Corp., 885 So.2d 899, 900 (Fla. 5th DCA 2004)).
Vilvar argues that Cross’s affidavit failed to comply with Florida Rule of Civil Procedure 1.510(e) because it “did not constitute admissible evidence, and the facts therein and [the] affiant’s personal knowledge were intentionally or negligently misrepresented to the trial court.” [2] Vilvar’s argument is without merit. We recently addressed the same issue in Freemon v. Deutsche Bank Trust Co. Ams., 46 So.3d 1202 (Fla. 4th DCA 2010).
In Freemon, the appellant moved for relief from a foreclosure judgment because she claimed “that the affidavit of indebtedness attesting to the amounts due on the mortgage and note was not made on the *855 personal knowledge of the affiant.” Id. at 1203. Deutsche Bank moved for summary judgment, attaching an affidavit from an assistant secretary of a separate company that serviced the loan. Id. at 1204. In the affidavit, the affiant stated that she was familiar with the books and accounts and “specifically had personal knowledge of the sums due on the mortgage loan.” Id. The affidavit also “set forth the unpaid balance, interest, and other charges.” Id. The trial court entered summary judgment in favor of Deutsche Bank and denied the appellant’s motion to vacate. Id. We affirmed and explained:
Freemon’s motion does not demonstrate fraud or show why any of the alleged facts would entitle her to relief sufficient to set aside a default judgment. Freemon nowhere contends that she did not default on her mortgage, nor does she allege that the amounts due and owing, set forth in the affidavit and incorporated in the final judgment, are incorrect.
Id. at 1205.
What occurred in Freemon is precisely what transpired in this case. Cross’s affidavit stated that she was the assistant vice president of Saxon, which, as the loan ser-vicer, was responsible for collection of the loan and pursuit of any delinquency in payments. Cross went on to explain that she was familiar with Saxon’s books, records, and documents relevant to the allegations in the complaint, and that all of the books, records, and documents concerning the loan were kept by Saxon in the regular course of its business. Cross’s affidavit also stated that she had personal knowledge of the facts regarding the sums due and owing to the bank, and provided a complete breakdown of those sums.
In stark contrast, Vilvar’s motion does not demonstrate fraud or show why any of the alleged facts would entitle her to relief sufficient to set aside the amended final judgment. She does not dispute that she defaulted on her mortgage, and does not allege that the amounts set forth in Cross’s affidavit or that were due and owing are incorrect. Indeed, Vilvar has not specifically alleged any fraud in connection with Cross’s statements in her affidavit regarding the amounts due. Equally as compelling is the fact that Vilvar failed to object to or appeal the final judgment and the amended final judgment. Vilvar waited over a year from the entry of the amended final judgment to take issue with Cross’s affidavit.
This Court has made it abundantly clear that general allegations of fraud will not support a motion to vacate a final judgment under rule 1.540(b)(3). See Freemon, 46 So.3d at 1204 (providing that a rule 1.540(b)(3) motion must specify the fraud with particularity and explain why the fraud, if it exists, would entitle the movant to have the judgment set aside) (citation omitted); Hembd v. Dauria, 859 So.2d 1238, 1239 (Fla. 4th DCA 2003) (“Where a litigant seeks to inject the issue of fraud into a lawsuit, Florida law requires that it be pled with precision, not just flung into the case willy-nilly.”); Flemenbaum v. Flemenbaum, 636 So.2d 579, 580 (Fla. 4th DCA 1994) (stating that “a rule 1.540(b)(3) motion must clearly and concisely set out the essential facts of the fraud, and not just legal conclusions”) (citing Cady v. Chevy Chase Sav. & Loan, Inc., 528 So.2d 136, 138 (Fla. 4th DCA 1988)); see also Fla. R. Civ. P. 1.120(b) (“In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with such particularity as the circumstances may permit.”).
We likewise find no merit to Vil-var’s claim that Cross’s affidavit did not constitute admissible evidence and that failure to attach any sworn or certified *856 copies of the records upon which she relied should have made the affidavit insufficient under rule 1.510(e). Vilvar’s failure to timely object to the sufficiency of Cross’s affidavit when it was presented on motion for summary judgment is fatal to this claim. U.S. Bank Nat’l Ass’n v. Paiz, 68 So.3d 940, 943-44 (Fla. 3d DCA 2011) (holding that absent fraud or misrepresentation, challenges to affidavits in support of motion for summary judgment must be raised in pleadings or at hearing on motion for summary judgment, not in motion for relief from judgment); see also Wambles v. Amrep Se., Inc., 568 So.2d 125, 126 (Fla. 5th DCA 1990) (concluding that the sufficiency of the affidavit based on the affi-ant’s personal knowledge was not raised before the trial court, thus barring it from being raised on appeal); cf. Coastal Caribbean Corp. v. Rawlings, 361 So.2d 719, 721 (Fla. 4th DCA 1978) (holding that even though copies of the mortgage and note were not served with the affidavit, there was no error under rule 1.510(e) because they had already been served several months beforehand).
We remind counsel of their ethical obligation to know the legal precedent of this Court and to base their legal arguments on that precedent. Where counsel fails to do so and the result is an appeal that is so clearly devoid of merit both on the facts and the law as to be completely untenable, we will not hesitate to impose sanctions pursuant to Florida Rule of Appellate Procedure 9.410(a) (2011) and section 57.105, Florida Statutes (2011). See Sullivan v. Sullivan, 54 So.3d 520, 522 (Fla. 4th DCA 2010) (“Section 57.105 permits an appellate court to impose appellate attorney’s fees for conduct on appeal.”) (citation omitted). This appeal comes mighty close to that point. See Boca Burger, Inc. v. Forum, 912 So.2d 561, 569 (Fla.2005) (“[Ajllowing appellate courts to impose sanctions ... will not chill representation, but instead will emphasize that counsels’ obligations as officers of the court override their obligations to zealously represent their clients.”).

Affirmed.

WARNER and GERBER, JJ., concur.

. In 2005, Vilvar executed a promissory note and mortgage to Rose Mortgage. The mortgage was later transferred to Deutsche Bank.

. Rule 1.510(e) provides:
Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.
Fla. R. Civ. P. 1.150(e).