RAMIREZ, J.
 

 Federal Home Loan Mortgage Corporation (Freddie Mac) appeals the trial court’s order vacating a judgment of foreclosure against Jefferson De Souza. We reverse.
 

 On June 9, 2009, De Souza was sued for default under his mortgage. According to the copy of the mortgage attached to the complaint, the mortgage was with Mortgage Electronic Registration Systems, Inc. (MERS), acting as nominee for the lender, First Magnus Financial Corporation. The complaint also attached an assignment from First Magnus to Aurora Loan Services, LLC, dated June 2, 2009. Aurora filed a motion for summary judgment on August 10, 2009. Aurora subsequently filed an ex parte motion to substitute Freddie Mac as the plaintiff, and attached the assignment in favor of Freddie Mac, dated August 4, 2009. The trial court granted the substitution. Thereafter, De Souza moved to dismiss, alleging Freddie Mac had no standing upon which to sue. The trial court denied De Souza’s motion, and entered a final judgment of foreclosure.
 

 De Souza then moved to vacate the final judgment under Florida Rule of Civil Procedure 1.540(b). De Souza contended Freddie Mac fraudulently misrepresented its right to foreclosure, but he provided no facts contrary to those proffered by Freddie Mac in support of summary judgment. Rather, De Souza offered his conclusions that the mortgage documents were inconsistent. After a hearing, the trial court granted the motion to vacate the judgment, “based on fraud and misrepresentation of the plaintiff.” Freddie Mac appeals.
 

 “Under Florida Rule of Civil Procedure 1.540(b), relief from judgment is only available under limited circumstances.”
 
 Dawson v. Wachovia Bank, N.A.,
 
 61 So.3d 1218, 1221 (Fla. 3d DCA 2011). If a defendant seeks relief from a judgment based upon fraud, he must specify the fraud with particularity and explain why the fraud, if it exists, would change the outcome of the case.
 
 U.S. Bank Nat’l Ass’n v. Paiz,
 
 68 So.3d 940, 944 (Fla. 3d DCA 2011);
 
 Freemon v. Deutsche Bank Trust Co. Americas,
 
 46 So.3d 1202, 1204 (Fla. 4th DCA 2010). The plaintiff must raise a prima facie case of fraud, rather than “nibble at the edges of the concept” through speculation and supposition.
 
 See Paiz,
 
 68 So.3d at 944.
 

 In this case, the trial court erred in granting the motion because the fraud allegations were indefinite. De Souza alleged discrepancies regarding the dates when Freddie Mac’s right to foreclose came to exist. But, neither De Souza’s motion nor the record supports a prima facie case of fraud. The dates on the documents show the trial court was promptly informed of changes to the identity of the party seeking to foreclose. Moreover, De Souza did not contend he was prejudiced by any alleged confusion regarding the creditor’s identity. It is undisputed he defaulted on the note and never erroneously paid anyone purporting to be the real creditor. There is no basis in the record upon which to conclude the plaintiff in this case used misrepresentations to obtain the judgment at issue, or that any misidentification prejudiced De Souza. Because De Souza did not present a legally sufficient claim of fraud, the trial court erred in vacating the judgment.
 

 Reversed.